Sherry and Benny Jones sued Nationwide Mutual Insurance Company ("Nationwide"), seeking to recover uninsured motorist benefits under the terms of their automobile insurance policy. The trial court entered a summary judgment for Nationwide, and the Joneses appealed. We reverse and remand.
The Joneses, who were injured when their automobile went out of control and slid off the road and down an embankment, testified by deposition that there was oil on the road at the point where Sherry Jones, who was driving, lost control of the vehicle. The Joneses also testified that there were a number of logs strewn down the embankment and that they had on previous occasions traveled on that portion of the road where the accident occurred and that they had never experienced any trouble maintaining traction there, even in rainy conditions. Sherry Jones testified that at the time of the accident she was not intoxicated or otherwise affected by alcohol or medication and was not exceeding the speed limit. The accident occurred in an isolated area during the daylight hours just after it had begun to lightly rain. The Joneses *Page 838 
contend that a jury could reasonably infer that they were injured as a result of the negligence of an unknown driver in the ownership, maintenance, or use of his motor vehicle and, therefore, that they are covered under the uninsured motorist provision in their policy. The Joneses maintain that a factfinder could reasonably infer that an accident involving a logging truck had previously occurred in the area. Conceding that in Alabama a phantom motorist is deemed to be uninsured for purposes of the uninsured motorist statute, Ala. Code 1975, § 32-7-23, Nationwide argues that it made a prima facie showing that the Joneses' accident was not covered and that the Joneses in rebuttal presented insufficient evidence that their injuries were caused by another's negligence in the ownership, maintenance, or use of a motor vehicle. Nationwide points out that the Joneses cannot identify the source of the oil and that the Joneses, who, immediately following the accident, were given a ride to their home, where they telephoned the state trooper, did not notice the oil until after they had returned to the scene of the accident to meet the officer. Thus, Nationwide insists, the oil could have been deposited on the road while the Joneses were away from the scene, by some instrumentality other than a motor vehicle.
Two recent decisions of this Court control this case. InKhirieh v. State Farm Mutual Automobile Ins. Co.,594 So.2d 1220 (Ala. 1992), this Court held that the evidence that the plaintiffs' vehicle struck a truck bench seat was evidence that the plaintiffs' injuries were caused by an unknown driver's negligence in the ownership, maintenance, or use of his motor vehicle and that that evidence was sufficient to defeat the insurer's summary judgment motion on the plaintiffs' uninsured motorist claim. Likewise, in Alfa Mutual Ins. Co. v. Beard,597 So.2d 664 (Ala. 1992), this Court held that gravel struck by the plaintiffs' vehicle was sufficient evidence that the plaintiffs' injuries were caused by an unknown driver's negligence in the ownership, maintenance, or use of his motor vehicle to sustain the jury verdict for the plaintiffs on their uninsured motorist claim. Both of these cases are materially indistinguishable from the present case. Here, it can be reasonably inferred that oil deposited on the road through the negligence of an unknown driver in the ownership, maintenance, or use of his motor vehicle caused the Joneses' vehicle to slide off the road. Therefore, because there are factual questions to be resolved by a jury, the summary judgment for Nationwide was improper. Rule 56, A.R.Civ.P.
REVERSED AND REMANDED.
HORNSBY, C.J., and MADDOX, SHORES and KENNEDY, JJ., concur.