ADAMS, Justice.
The plaintiffs, Tina and Tony Wilson, appeal from a summary judgment in favor of the defendant, Madison County, Alabama. We reverse.
The plaintiffs allege that Ms. Tina Wilson was injured while trying to avoid some brush on the highway in front of the Mountain Fork Creek Bridge in Madison County, Alabama. They allege that while she was attempting to avoid the brush, as well as an oncoming automobile, her car struck the Mountain Fork Creek Bridge. The Wil-sons, husband and wife, sued Madison County, alleging negligent and wanton operation of a county motor vehicle, and alleging that Madison County was responsible for the brush on the highway.
It appears from the evidence before the trial court when it considered the motion for summary judgment that the Wilsons had presented no testimony from anyone who actually saw anything fall from a Madison County truck at the spot where the accident occurred. However, they did offer the affidavit of A.C. Oliver, who stated:
“We crossed the Mountain Fork Creek Bridge at approximately 6:45 a.m. At that time there was nothing on Mountain Fork Creek Bridge. At approximately 7:10 a.m. I observed an empty dump truck proceeding north on Winchester Road from the direction of New Market. Shortly thereafter I got in a truck along with Mr. Smithey and another man, and proceeded south on Winchester Road towards New Market. When we crossed Mountain Fork Creek Bridge at approximately 7:30 a.m. I observed a pile of brush approximately four feet high on Mountain Fork Creek Bridge.
“After we crossed the bridge and got to New Market, I observed a dump truck similar to the one I had observed earlier proceeding south on Winchester Road towards New Market loaded with brush. The tailgate of the truck was down and brush was hanging off of it. The truck turned onto New Market Road.”
She also offered the affidavit of Mrs. Oliver, the wife of A.C. Oliver:
“At approximately 6:45 a.m. I crossed Mountain Fork Creek Bridge on the way to Mr. Smithey’s house. At that time there was nothing bn the bridge. I crossed Mountain Fork Creek Bridge again at 7:05 a.m. and there was still nothing on the bridge. When I got to New Market I met a dump truck red in color, with a black colored bed on Winchester Road. The truck had a Madison County seal on the door. The truck was empty and proceeded down Winchester Road in the direction of Mountain Fork Creek Bridge. Later that day I observed numerous Madison County dump trucks loaded with brush proceeding towards the New Market dump.”
Madison County contends that the Wilsons failed to offer sufficient evidence to withstand a motion for summary judgment under the substantial evidence rule. We disagree. Although the evidence offered by the Wilsons is circumstantial, there is direct evidence that Madison County dump trucks were hauling brush over the same highway where the accident occurred and that the brush on the highway was of the type of brush being hauled on that date by *481 Madison County. Furthermore, there was evidence tending to show that at about the time the brush appeared on the highway an empty dump truck was traveling on the road where the accident occurred.
This Court, construing the uninsured motorist statute, § 32-7-23, Code of Alabama 1975, has considered accidents involving debris left on highways by “phantom motorists.” In Jones v. Nationwide Mutual Insurance Co., 598 So.2d 837 (Ala.1992), we said:
“The Joneses, who were injured when their automobile went out of control and slid off the road and down an embankment, testified by deposition that there was oil on the road at the point where Sherry Jones, who was driving, lost control of the vehicle. The Joneses also testified that there were a number of logs strewn down the embankment and that they had on previous occasions traveled on that portion of the road where the accident occurred and that they had never experienced any trouble maintaining traction there, even in rainy conditions. Sherry Jones testified that at the time of the accident she was not intoxicated or otherwise affected by alcohol or medication and was not exceeding the speed limit. The accident occurred in an isolated area during the daylight hours just after it had begun to lightly rain. The Joneses contend that a jury could reasonably infer that they were injured as a result of the negligence of a unknown driver in the ownership, maintenance, or use of his motor vehicle and, therefore, that they are covered under the uninsured motorist provision in their policy. The Joneses maintain that a fact-finder could reasonably infer that an accident involving a logging truck had previously occurred in the area. Conceding that in Alabama a phantom motorist is deemed to be uninsured for purposes of the uninsured motorist statute, Ala.Code 1975, § 32-7-23, Nationwide argues that it made a prima facie showing that the Joneses’ accident was not covered and that the Joneses in rebuttal presented insufficient evidence that their injuries were caused by another’s negligence in the ownership, maintenance, or use of a motor vehicle. Nationwide points out that the Joneses cannot identify the source of the oil and that the Joneses, who, immediately following the accident, were given a ride to their home, where they telephoned the state trooper, did not notice the oil until after they had returned to the scene of the accident to meet the officer. Thus, Nationwide insists, the oil could have been deposited on the road while the Joneses were away from the scene, by some instrumentality other than a motor vehicle.
“[I]n Alfa Mutual Ins. Co. v. Beard, 597 So.2d 664 (Ala.1992), this Court held that gravel struck by the plaintiffs’ vehicle was sufficient evidence that the plaintiffs’ injuries were caused by an unknown driver’s negligence in the ownership, maintenance, or use of his motor vehicle to sustain the jury verdict for the plaintiffs on their uninsured motorist claim.... Here, it can be reasonably inferred that oil deposited on the road through the negligence of an unknown driver in the ownership, maintenance, or use of his motor vehicle caused the Joneses’ vehicle to slide off the road. Therefore, because there are factual questions to be resolved by a jury, the summary judgment for Nationwide was improper. Rule 56, A.R.Civ.P.”
Although Jones is certainly not directly on point with the present case, the same principles applied in the Jones case are appropriate here. In Jones, there was oil on the highway and the Joneses claimed that one could reasonably conclude that it had been deposited there by a negligent driver of a logging truck. The evidence they offered was at least sufficient to create a jury question as to the cause of the oil slick that could have been found responsible for their accident. The present case is not an uninsured motorist insurance case. In this case, the Wilsons are attempting to seek to prove the identity of the party responsible for the accident, and they have offered the following evidence: Brush was apparently dropped from a vehicle onto the highway; no witnesses actually saw who dropped the *482 brush onto the highway; Madison County dump trucks were traveling over the same highway at the time of the accident; those Madison County dump trucks had been carrying the type of debris that was dropped onto the road where the accident occurred; and, an empty dump truck was seen around the time of the accident in the area where the accident occurred.
The affidavits offered by the Wilsons narrow the time that the debris was dropped onto the highway to between 7:05 a.m. and 7:30 a.m. Madison County dump trucks were spotted traveling on the highway in question around those times. In fact, an empty dump truck was spotted at approximately 7:10 a.m. The Wilsons certainly offered substantial evidence tending to show that the debris left on the highway was left there by a negligent driver of a vehicle and, in addition, they offered substantial evidence to create a jury question as to whether the vehicle that dropped the debris was a Madison County dump truck. For the foregoing reasons, the judgment, of the trial court is reversed and the cause is remanded.
REVERSED AND REMANDED.
HORNSBY, C.J., and ALMON, SHORES, HOUSTON, STEAGALL, KENNEDY and INGRAM, JJ., concur.