**Michael W. ROYSE, Appellant,**

v.

**AMERICAN ECONOMY INSURANCE COMPANY, Respondent.**

No. WD 47506.

Missouri Court of Appeals, Western District.

Oct. 5, 1993.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 30, 1993.

Application to Transfer Denied Jan. 25, 1994.

only evidence he could present concerning the truck. MWR Corporation, a Kansas corporation of which Royse was president, owned the car. Royse sued the car's insurer, American Economy Insurance Company, to pay damages under an uninsured motorist provision in the insurance policy. The trial court concluded that Kansas law governed and that this mandated summary judgment for American Economy, and Royse appeals. We affirm.

MWR obtained the policy through an agent who did business in Missouri and Kansas. MWR negotiated with the agent for the policy at MWR's office in Kansas. The policy premiums were based on the vehicle's being garaged principally in Kansas and used in Kansas. MWR registered the car in Kansas, and it had Kansas tags on it. Royse drove with a Kansas driver's license. Royse also purchased homeowner's insurance from the same agent and stated that Kansas was his place of residence.

The trial court concluded that the policy was a Kansas contract and that Kansas law should govern its construction. The trial court noted Kansas statute 40–284(e)(3) (1992) which provides, "Any insurer may provide for the exclusion or limitation of coverage ... when there is no evidence of physical contact with the uninsured motor vehicle and when there is no reliable competent evidence to prove the facts of the accident from a disinterested witness not making claim under the policy[.]" Consistent with this statute, the insurance policy conditioned its uninsured motorist coverage on corroboration of the accident "by competent evidence other than the testimony of any person having a claim under this or any other similar insurance as the result of such accident."

The trial court concluded that because Royse was not a disinterested witness, reliable competent evidence did not support his claim that a truck forced him off the road. We agree.

■ Royse argues that the trial court erred in applying Kansas law, instead of arguably more liberal Missouri statutes, because he actually garaged the car in Missouri instead of Kansas and because American

John Michael Cronan, Kansas City, for appellant.

David M. Mayer, Kansas City, for respondent.

Before SPINDEN, P.J., and FENNER and HANNA, JJ.

SPINDEN, Presiding Judge.

On March 10, 1989, Michael W. Royse drove his car off the road in Kansas City. He told officers a truck in his lane forced him off the road. Royse's statements were the

Economy delivered the insurance policy to its agent's Missouri office before she delivered it to MWR at its Kansas office. He bases his argument on § 379.203.1 RSMo 1986. That statute says, "No automobile liability insurance ... shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein ... in not less than the limits for bodily injury or death set forth in section 303.030, RSMo[.]"

Section 379.203.1 does not apply to this case. It applies only to policies "delivered or issued for delivery" in Missouri. MWR's policy was not delivered in Missouri. American Economy's agent delivered it to MWR's office in Kansas. Nor was it issued for delivery in Missouri. American Economy sent it to its agent in Missouri for her delivery in Kansas. That Royse parked the car in a garage in Missouri does not implicate § 379.203.1 in any way.

■ Royse asserts, in the alternative, that he satisfied the Kansas statute by providing corroborating facts. He points to his making statements concerning the truck to other individuals and to a pot hole in the road which may have caused the truck to enter his lane. His reasoning fails.

That he told some one other than his insurance company about the truck does not "boot strap" his assertions into corroborating evidence. It certainly is not competent evidence; it is hearsay. Royse's contention that the trial court should consider the statements because they were not offered to prove the truth of the matter asserted is absurd. He offers them to prove that a truck ran him off the road.

He does not support his contention of a pot hole with anything other than his own statements, but even corroborative proof of the pot hole would not aid him. It would explain perhaps what would cause a truck to enter his lane, but it would not come close to establishing that a truck did enter his lane.

Finally, Royse complains that the policy is ambiguous. Contrary to Rule 84.03, he raised the point for the first time in his reply brief. We decline to address the issue.

The trial court properly granted summary judgment in favor of American Economy. The record established no genuine issue of material fact. *ITT Commercial Finance Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993).

All concur.