285 So.2d 917

**STATE FARM FIRE AND CASUALTY COMPANY and Southern Guaranty Insurance Company et al.**

v.

**Ronnie LAMBERT.**

S.C. 346.

Supreme Court of Alabama.

Nov. 15, 1973.

**646**

---

Pillans, Reams, Tappan, Wood, Roberts & Vollmer and Geary A. Gaston, Mobile, for appellant, State Farm Fire & Casualty Co.

Collins, Galloway & Murphy and Robert H. Smith, Mobile, for appellant, Southern Guaranty Ins. Co.

James R. Owen, Bay Minette, for appellee.

JONES, Justice.

Is the "physical contact" requirement in a "hit-and-run" clause in the uninsured motorist provision of an automobile liability insurance policy in derogation of the Alabama Uninsured Motorist Statute?

While the posture of the proceedings below is not entirely clear, all parties in interest concede that our answer to the foregoing question is dispositive of this appeal. We answer, as did the court below, in the affirmative; and, accordingly, we affirm.[1]

This is a case of first impression in Alabama. The pertinent provisions of each policy are as follows:

"COVERAGE U—UNINSURED AUTOMOBILE COVERAGE—DAMAGES FOR BODILY INJURY CAUSED BY UNINSURED AUTOMOBILES. To pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such uninsured automobile; * * * *

"DEFINITIONS—PART 1.

"UNINSURED AUTOMOBILE—Under Coverage U Means: * * *

"(2) a hit-and-run automobile as defined: * * *

"HIT–AND–RUN AUTOMOBILE— Under Coverage U means a land motor vehicle which causes bodily injury to an insured arising out of physical contact of such vehicle with the insured or with an automobile which the insured is occupying at the time of the accident, provided:

(1) there cannot be ascertained the identity of either the operator or owner of such 'hit-and-run automobile' * * * *"

The Alabama Uninsured Motorist Statute (Title 36, § 74(62a), Code of Alabama

1. We recognize that the extent of liability of each of the appellants is not adjudicated by this affirmance since this issue is yet to be determined.

1940 (Recomp.1958), as amended) became effective January 1, 1966, and reads as follows:

"No automobile liability or motor vehicle liability policy insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance or use of a motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto, in limits for bodily injury or death set forth in sub-section (c) of section 74(46) of this title, under provisions approved by the commissioner of insurance, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom; provided, that the named insured shall have the right to reject such coverage; and provided further, that unless the named insured requests such coverage in writing, such coverage need not be provided in or supplemental to a renewal policy where the named insured had rejected the coverage in connection with the policy previously issued to him by the same insurer."

Appellee concedes that the physical contact requirement is valid unless the Uninsured Motorist Statute includes within its scope and purview hit-and-run drivers. Appellants conceded that if the statute does include hit-and-run drivers, the "physical contact" provision is void as being more restrictive than the statute.

The threshold question, then, is whether the legislature by passage of the uninsured motorist statute intended to cover within the term "uninsured motorist" a hit-and-run driver.

This question cannot be answered apart from the historical context within which the statute was passed. Automobile liability insurance has long been recognized as the only practical means for the general motoring public to provide financial responsibility concomitant with the increasing number of injured persons—fatal and non-fatal—resulting from the use of our highways. Out of the increase in the number of vehicles, their greater power and speed, and the resultant social problem of the uncompensated injured and deceased evolved the debate as to the public policy best suited to fill this need.

Primarily, two alternatives were considered. One was the Uniform Motor Vehicle Safety-Responsibility Act and the second was compulsory liability insurance.[2] Alabama, along with some 42 other states, chose the former. This public policy, as expressed in §§ 74(42)–74(83), Title 36, Code of Alabama 1940 (Recomp.1958), as amended, was adopted by the Alabama Legislature, effective January 1, 1952, and provided in substance that those who were answerable for injuries and damages resulting from their fault in the use and maintenance of an automobile who did not have automobile liability insurance, or who were otherwise unable to financially respond to such damages, would be subject to the loss of their driving privileges.[3] While this policy tended to develop an ever increasing consciousness on the part of the motoring public for the need of financial responsibility to third parties, the practical effect was nonetheless to leave a substantial number of the motorists uninsured and financially irresponsible.

A progressive and an imaginative insurance industry moved into this gap and pro-

2. For a more detailed historical account of legislation leading to the adoption of Uninsured Motorist Statutes, see Widiss, A Guide to Uninsured Motorist Coverage, Chapter 1.

3. See Mooradian v. Canal Insurance Co., 272 Ala. 373, 130 So.2d 915 (1961) ; and American Southern Insurance Co. v. Dime Taxi Service, Inc., 275 Ala. 51, 151 So.2d 783, 4 A.L.R.3d 611 (1963).

vided, as optional coverage, uninsured motorist protection. The responsible motorist was now able for a nominally increased premium to cover not only his liability to others, but to protect himself from loss due to personal injury incurred through the fault of the financially irresponsible. These irresponsible motorists fall basically into two categories—the known driver and the unknown driver (hit-and-run).

While the gap was narrowed, it was not fully bridged. Two deficiencies yet remained: (1) the uninsured motorist coverage was purely contractual and thus wholly optional, and (2) by the terms of the policy the insured's protection against hit-and-run drivers was conditioned on physical contact of the vehicles involved.

In light of this historical perspective, and working within the traditional fault concept, the legislature passed the Uninsured Motorist Statute. By requiring each policy to include such coverage—absent an express disavowal on the part of the insured—the gap represented by the first deficiency was further narrowed. It is equally clear that the statute in providing "for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles" speaks directly to the second deficiency—the unknown or hit-and-run as well as the known financially irresponsible driver.

To hold that the legislative intent had the restrictive effect of speaking only to the first of the two above-referred to deficiencies is to dispute that the purpose of the statute is to protect persons who are injured through the fault of other motorists who in turn are not insured and cannot make whole the injured party. The design of the statute is to protect injured persons who can prove that the accident did in fact occur and that he was injured as a proximate result of the negligence of such other motorist who cannot respond in damages for such injuries. Moreover, the statute

permits the enforcement of the policy provisions by the insured directly against the insurer without first obtaining a judgment against the uninsured.[4]

We agree with the Florida Supreme Court which addressed itself to the identical issue in Brown v. Progressive Mutual Insurance Company, 249 So.2d 429 (1971), thusly:

"The effect of [appellant's contention] is to place on the injured person in every case the burden of proving that the offending party was without insurance regardless of the circumstances, the equities or the difficulties. Failure on the part of the injured party to make such proof results in nonrecovery, and the certainty that in some cases at least, injured persons then become the burden of society or of the state, despite their attempt to protect themselves by purchase of insurance intended to shield them against damages inflicted by a party from whom recovery cannot be made in person or through his insurance.

". . . the question to be answered is whether the offending motorist has insurance available for the protection of the injured party, for whose benefit the statute was written; the test should not be simply whether or not the injured party can prove the offending party was uninsured, which is, in many instances, impossible in hit-and-run cases. Any other construction of the statute is unfair and unduly restricts the application intended by the Legislature.

"The argument that the policy requirement of physical contact is reasonable is fallacious. The only reason for such a requirement is to prove that the accident actually did occur as a claimant may say it did. This is a question of fact to be determined by the jury, or the judge if demand for jury trial is not made. If the injured party can sustain the burden of proof that an accident did occur, he

4. Widiss, A Guide to Uninsured Motorist Coverage, § 1.9.

should be entitled to recover, regardless of the actuality of physical contact."

 We have consistently held that policy provisions more restrictive than the statute will not meet the test of validity. Higgins v. Nationwide Mutual Insurance Company, 291 Ala. 462, 282 So.2d 301 (1973); Hogan v. Allstate Insurance Company, 287 Ala. 696, 255 So.2d 35, (1971); Preferred Risk Mutual Insurance Co. v. Holmes, 287 Ala. 251, 251 So.2d 213 (1971).

We hold, therefore, that the "physical contact" requirement in the "hit-and-run" provision of the automobile liability insurance policies here under consideration is in derogation of the Alabama Uninsured Motorist Statute and is void as against public policy.

Affirmed.

HEFLIN, C. J., and BLOODWORTH and McCALL, JJ., concur.

COLEMAN, J., concurs in result.