[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 95-7027
_____

D. C. Docket No. CV-94-L-2856-S


JOHN MORENO,

Plaintiff-Appellant,

versus

NATIONWIDE INSURANCE COMPANY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____


(May 23, 1997)


Before TJOFLAT and DUBINA, Circuit Judges, and STAGG*, Senior District Judge.


DUBINA, Circuit Judge:


_____
*Honorable Tom Stagg, Senior U.S. District Judge for the Western District of Louisiana, sitting by designation.

This appeal presents a single issue for our consideration: whether a provision in an automobile insurance policy requiring proof of a hit-and-run accident from competent evidence other than the testimony of any insured is in derogation of Alabama's Uninsured Motorist Statute, Ala. Code § 32-7-23 (1975). To anyone familiar with the concept of federalism, this may appear to be an unusual issue for our court. We originally certified this question to the Alabama Supreme Court for its pronouncement on what is clearly a question of substantive state law; however, the court declined our invitation. Moreno v. Nationwide Insurance Company, 105 F.3d 1358 (11th Cir. 1997). Therefore, we are placed in the unusual position of having to decide a first impression question of Alabama state law. We hold that a corroboration requirement in phantom driver cases is not contrary to public policy. Accordingly, we affirm the district court's grant of summary judgment in favor of appellee/defendant Nationwide Insurance Company ("Nationwide").

## I. BACKGROUND

Plaintiff/Appellant John Moreno ("Moreno") had an automobile accident while driving alone at night on Interstate 65 near Birmingham, Alabama. Moreno alleges that an unknown driver in a white car ran him off the road, causing his car to strike a guard rail, flip over, and land some distance from the highway. There was no physical contact between Moreno's automobile and this alleged "phantom" car. Moreno was able to crawl from his car to

2

the side of the road for help. A passing vehicle stopped and the driver used his cellular phone to call for medical assistance and to call Moreno's father. Moreno's father later stated that the passing motorist who rendered assistance to his son told him that he had seen a light or white vehicle weaving on the interstate and this car ran Moreno off the road. The investigating police officer described the event as a single car accident with no witnesses. After Moreno was rushed to the hospital, hospital staff administered a blood alcohol test which measured Moreno's alcohol level at 0.1.

Moreno filed a claim for uninsured motorist benefits with Nationwide pursuant to an automobile insurance policy Nationwide had issued to Moreno's parents. The policy covers hit-and-run accidents, but provides that "[i]f there's no physical contact with the hit-and-run vehicle, the facts of the accident must be proved. We will accept only competent evidence other than the testimony of any insured whether or not that insured is making a claim under this or any similar coverage." RE-9, Exhibit A to Second Amended Complaint. In support of his claim, Moreno submitted his statement, his father's statement, the police report, and medical information. Moreno did not submit a statement from, nor can he identify, the motorist who aided him. After its investigation, Nationwide denied coverage on the basis that Moreno failed to submit competent evidence from a non-insured individual proving the facts of the accident, as required by the automobile insurance policy.

Moreno filed his complaint in the Circuit Court of Jefferson County, Alabama. Nationwide removed the case to the United States District Court for the Northern District of Alabama. Nationwide moved for dismissal of certain counts of the original complaint. In response, Moreno filed an amended complaint. Subsequently, Moreno filed a second amended complaint. Nationwide filed an answer to the complaint and a motion for summary judgment. The district court granted Nationwide's motion for summary judgment and Moreno then perfected this appeal.

## II.  DISCUSSION

Alabama's Uninsured Motorist Statute ("the statute") requires automobile insurance carriers to offer uninsured motorist coverage with their liability policies. Ala. Code § 32-7-23(a).

> It appears from the plain and unambiguous wording of this section that it is the purpose of the Uninsured Motorist Act, and, thus, the public policy of the state, that Alabama citizens purchasing automobile liability insurance are to be able to obtain, for an additional premium, the same protection against injury or death at the hand of an uninsured motorist as they would have had if the uninsured motorist had obtained the minimum liability coverage required by the Motor Vehicle Safety Responsibility Act.

Champion Ins. Co. v. Denney, 555 So.2d 137, 139 (Ala. 1989).

In order to prove coverage under this section, Moreno has the burden of showing that the "phantom" vehicle was uninsured. Motors Ins. Corp. v. Williams, 576 So.2d 218, 219 (Ala. 1991). In Ogle v. Long, 551 So.2d 914 (Ala. 1989), the Alabama Supreme Court recognized an exception to this general rule that the insured must prove that the tort-feasor driver was uninsured or the owner of the

4

vehicle was uninsured. The court stated that if the claimant can show that he used "reasonable diligence to ascertain the uninsured status of the tort-feasor and such information was unobtainable," the burden shifts to the carrier of the uninsured motorist coverage to prove that the tort-feasor was, in fact, insured. Id. at 915-16. Moreno has neither alleged the application of this exception nor met the requirements for this exception to apply.

Although under Williams the claimant has the burden of proving that the "phantom" vehicle was uninsured, Williams did not establish the standard of proof necessary to meet this burden. Moreno's automobile insurance policy requires proof by competent evidence other than the testimony of an insured in order to recover under the uninsured motorist provision. Our research reveals no Alabama case which speaks directly to the issue of whether a heightened proof requirement for phantom driver claims, such as the one in Moreno's policy, is contrary to Alabama public policy.

In State Farm Fire & Casualty Co. v. Lambert, 285 So.2d 917 (Ala. 1973), the Alabama Supreme Court held that the "physical contact" requirement in a hit-and-run clause in the uninsured motorist provision of an automobile liability insurance policy was contrary to the Alabama Uninsured Motorist Statute. The court noted that a hit-and-run driver was included within the term "uninsured motorist." The court reasoned that the physical contact requirement was contrary to public policy and in derogation of the statute, which was designed "to protect persons who are injured through the fault of other motorists who in turn are not insured

5

and cannot make whole the injured party." Id. at 919. Lambert states that the statute is designed to "protect injured persons who can prove that the accident did in fact occur." Id. (emphasis added.) Lambert, however, did not address the quantum of proof necessary and thus did not answer the question before us -- whether the corroboration requirement in "phantom driver" cases is consonant with public policy and the statute.

Moreno argues that the district court erred in granting Nationwide's motion for summary judgment because the existence vel non of the phantom driver is a jury question, and the proof of this question should not be limited under the terms of the policy. Moreno cites no definitive Alabama authority for this proposition, but he does point out that "[f]or policy reasons, Alabama courts have viewed any arguments for restricting uninsured motorist coverage with particular disfavor." Thompson v. American States Ins. Co., 687 F. Supp. 559, 562 (M.D. Ala. 1988), citing Alabama Farm Bureau Mut. Cas. Ins. Co., Inc. v. Mitchell, 373 So.2d 1129, 1133-34 (Ala. Civ. App. 1979).

In support of its position that the district court properly granted its motion for summary judgment, Nationwide cites Alabama Farm Bureau Mut. Cas. Ins. Co. v. Cain, 421 So.2d 1281 (Ala. Civ. App. 1982), in which the Alabama Court of Civil Appeals upheld a requirement in an uninsured motorist policy that, to make a claim for benefits in a hit-and-run case, a policyholder had to report the accident within 24 hours and file a written statement with the insurer within 30 days setting forth the facts in support of the

6

claim. The court noted that "[i]n the absence of statutory provisions to the contrary, insurance companies have the same right as individuals to limit their liability or impose conditions upon coverage so long as such conditions are not inconsistent with public policy." Id. at 1283.

The automobile insurance policy at issue clearly states that "[i]f there is no physical contact with the hit-and-run vehicle, the facts of the accident must be proved." The policy further provides that Nationwide "will only accept competent evidence other than the testimony of any insured, whether or not that insured is making a claim under this or any similar coverage." The policy issued to Moreno's parents specifically states that corroboration testimony is required when there is no physical contact between the phantom vehicle and the insured's vehicle. As a pure matter of contract interpretation, there is no ambiguity on this point. See 8C John Alan Appleman, Insurance Law and Practice § 5094 (1981) (In states where the inclusion of coverage for hit-and-run drivers is not required in the automobile insurance policy, the matter is one of contract and the provisions should be construed as written.). Even though there is no statutory authority and no Alabama case law which addresses this issue, we hold that the corroboration requirement does not violate public policy.

We note that other states have held similar corroboration requirements to be valid. See e.g. Fisher v. Clarendon National Ins. Co., 437 S.E.2d 344 (Ga. Ct. App. 1993); Farmers Ins. Exchange v. Colton, 504 P.2d 1041 (Or. 1972). These states have included

7

such corroboration requirements in their uninsured motorist statutes by stating that if there is no physical contact between the motor vehicle owned or operated by the unknown driver and the person or property of the insured, the description by the claimant of how the accident occurred must be corroborated by an eyewitness to the occurrence other than the claimant. <u>See</u> Ga. Code Ann. § 33-7-11(b)(2) (1992).

The corroboration requirement in the automobile insurance policy does not impermissibly limit uninsured motorist coverage. An insured is still entitled to the protection of the statute if he or she can prove that a hit-and-run driver is uninsured. The corroboration requirement only provides the standard of proof necessary to recover under the uninsured motorist provision of the policy. There is no indication from the Alabama cases that this heightened requirement is against public policy. Because Moreno has failed to satisfy corroboration requirements set forth in the insurance policy, we affirm the district court's grant of summary judgment in favor of Nationwide.

AFFIRMED.