United States Court of Appeals,

Eleventh Circuit.

No. 95-7027.

John MORENO, Plaintiff-Appellant,

v.

NATIONWIDE INSURANCE COMPANY, Defendant-Appellee.

Feb. 18, 1997.

Appeal from the United States District Court for the Northern District of Alabama. (No. CV-94-L-2856-S), Seybourn H. Lynne, Judge.

Before TJOFLAT and DUBINA, Circuit Judges, and STAGG[*], Senior District Judge.

DUBINA, Circuit Judge:

CERTIFICATION FROM THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT TO THE SUPREME COURT OF ALABAMA PURSUANT TO RULE 18 OF THE ALABAMA RULES OF APPELLATE PROCEDURE.

TO THE SUPREME COURT OF ALABAMA AND THE HONORABLE JUSTICES THEREOF:

This appeal presents a single issue for our consideration: whether a provision in an automobile insurance policy requiring proof of a hit-and-run accident from competent evidence other than the testimony of any insured, is in derogation of Alabama's Uninsured Motorist Statute, Ala.Code § 32-7-23 (1975). The Alabama courts have not answered this question; therefore, we certify it to the Alabama Supreme Court.

I. BACKGROUND

On October 11, 1992, Plaintiff/Appellant, John Moreno

---

[*]Honorable Tom Stagg, Senior U.S. District Judge for the Western District of Louisiana, sitting by designation.

("Moreno"), had an automobile accident while driving alone at night on Interstate 65 near Birmingham, Alabama. Moreno alleges that an unknown driver in a white car ran him off the road, causing his car to strike a guard rail, flip over, and land some distance from the highway. There was no physical contact between Moreno's automobile and this "phantom" car. Moreno was able to crawl from his car and get to the side of the road for help. A passing vehicle stopped and the driver used his cellular phone to call for medical assistance and to call Moreno's father. Moreno's father later stated that the passing motorist who rendered assistance to his son told him that he had seen a light or white vehicle weaving on the interstate and that this car ran Moreno off the road. The investigating police officer described the event as a single car accident with no witnesses.

On October 14, 1992, Moreno filed a claim for uninsured motorist benefits with Nationwide Insurance Company ("Nationwide") pursuant to an automobile insurance policy Nationwide had issued to Moreno's parents. The policy covers hit-and-run accidents, but provides that "[i]f there is no physical contact with the hit-and-run vehicle, the facts of the accident must be proved. We will only accept competent evidence other than the testimony of any insured, whether or not that insured is making a claim under this or any similar coverage." RE-9, Exhibit A-2 to Second Amended Complaint. In support of his claim, Moreno submitted his statement, his father's statement, the police report, and medical information. Moreno did not submit a statement from the motorist who aided him because his identity is unknown. After its

investigation, Nationwide denied coverage on the basis that Moreno failed to submit competent evidence from a non-insured individual proving the facts of the accident as required by the automobile insurance policy.

Moreno filed his complaint in the Circuit Court of Jefferson County, Alabama, on October 11, 1994. Nationwide removed the case to the United States District Court for the Northern District of Alabama, on the basis of diversity. The district court granted Nationwide's motion for summary judgment on November 8, 1995. Moreno then perfected this appeal.

## II. DISCUSSION

Alabama's Uninsured Motorist Statute ("the statute") requires automobile insurance carriers to offer uninsured motorist coverage with their liability policies. Ala.Code § 32-7-23(a). In *State Farm Fire & Casualty Co. v. Lambert,* 291 Ala. 645, 285 So.2d 917 (1973), the Alabama Supreme Court held that the "physical contact" requirement in a hit-and-run clause in the uninsured motorist provision of an automobile liability insurance policy was contrary to the Alabama Uninsured Motorist Statute. The court noted that a hit-and-run driver was included within the term "uninsured motorist." The court reasoned that the physical contact requirement was contrary to public policy and in derogation of the statute, which was designed "to protect persons who are injured through the fault of other motorists who in turn are not insured and cannot make whole the injured party." *Id.* at 919. *Lambert* states that the statute is designed to "protect injured persons *who can prove* that the accident did in fact occur." *Id.* (emphasis

added). *Lambert,* however, did not address the quantum of proof necessary and thus, did not answer the question before us—whether the corroboration requirement in "phantom driver" cases is consonant with public policy and the statute.

Moreno argues that the district court erred in granting Nationwide's motion for summary judgment because the existence *vel non* of the phantom driver is a jury question, and the proof of this question should not be limited under the terms of the policy. Moreno cites no definitive Alabama authority for this proposition,[1] but he does point out that "[f]or policy reasons, Alabama courts have viewed any arguments for restricting uninsured motorist coverage with particular disfavor." *Thompson v. American States Ins. Co.,* 687 F.Supp. 559, 562 (M.D.Alabama 1988), *citing Alabama Farm Bureau Co. v. Mitchell,* 373 So.2d 1129, 1133-34 (Ala.Civ.App.1979).

In support of its position that the district court properly granted its motion for summary judgment, Nationwide cites *Alabama*

---

[1]Moreno does cite a passage from a Florida case, quoted with approval in *Lambert:*

> The argument that the policy requirement of physical contact is reasonable is fallacious. The only reason for such a requirement is to prove that the accident actually did occur as a claimant may say it did. This is a question of fact to be determined by the jury, or the judge if demand for jury trial is not made. If the injured party can sustain the burden of proof that an accident did occur, he should be entitled to recover, regardless of the actuality of physical contact.

285 So.2d at 920 *quoting Brown v. Progressive Mut. Ins. Co.,* 249 So.2d 429 (Fla.1971). This language is not inconsistent with a corroboration requirement, however. For instance, if Moreno had presented corroborating evidence and Nationwide still withheld benefits, then the issue would go to a jury.

*Farm Bureau Mut. Casualty Ins. Co. v. Cain,* 421 So.2d 1281 (Ala.Civ.App.1982), in which the Alabama Court of Civil Appeals upheld a provision in an uninsured motorist policy that required policyholders claiming benefits in a hit-and-run accident to report the accident within 24 hours and file a written statement with the insurer within 30 days setting forth the facts supporting the claim. The court noted that "[i]n the absence of statutory provisions to the contrary, insurance companies have the same right as individuals to limit their liability or impose conditions upon coverage so long as such conditions are not inconsistent with public policy." *Id.* at 1283. This, however, does not answer whether a heightened proof requirement for phantom driver cases is against Alabama public policy.[2]

"When substantial doubt exists about the answer to a material state law question upon which the case turns, a federal court should certify that question to the state supreme court in order to avoid making unnecessary state law guesses and to offer the state court the opportunity to explicate state law." *Forgione v. Dennis Pirtle Agency, Inc.,* 93 F.3d 758, 761 (11th Cir.1996). The only method by which federal courts can receive definitive answers to unsettled state law questions is through certification. *Id.*

---

[2]Nationwide also relies upon *Khirieh v. State Farm Mut. Auto. Ins. Co.,* 594 So.2d 1220 (Ala.1992), *Alfa Mut. Ins. Co. v. Beard,* 597 So.2d 664 (Ala.1992), and *Jones v. Nationwide Mut. Ins. Co.,* 598 So.2d 837 (Ala.1992), for the proposition that it is not contrary to public policy to require corroboration in phantom driver cases. Nationwide contends that these cases, although not directly on point with the present case, provide sufficient guidance for us to hold that corroboration requirements are not in derogation of the Alabama Uninsured Motorist Statute. We defer to the Alabama Supreme Court on this interpretation of state law.

(citations omitted).  "Only a state supreme court can provide what we can be assured are "correct' answers to state law questions, because a state's highest court is the one true and final arbiter of state law."  *Id.* (citations omitted).

### III. QUESTION TO BE CERTIFIED

We respectfully certify the following question of law to the Alabama Supreme Court:

> Whether a provision in an automobile insurance policy requiring proof of a hit-and-run accident from competent evidence other than the testimony of any insured, is in derogation of Alabama's Uninsured Motorist Statute, Ala.Code § 32-7-23 (1975).

The entire record in this case, together with copies of the briefs of the parties, is transmitted herewith.

QUESTION CERTIFIED.