YATES, Judge.
Melvin Hannon sued State Farm Mutual Automobile Insurance Company on March 13, 1997, seeking to recover uninsured motorist benefits for injuries he sustained in an accident involving a tractor trailer he was driving. Hannon amended his complaint on May 12, 1997, to add Scottsdale Insurance Company (“Scottsdale”) as a defendant. [1] Scottsdale provided uninsured motorist coverage to Pritchett Timber, Hannon’s employer at the time of the accident. Scottsdale moved for a summary judgment on November 10, 1997. Following a hearing, the court entered the summary judgment on April 29,1998. Hannon appeals.[2]
On November 1,1994, Hannon was driving a tractor trailer for Pritchett Timber on Highway 43 in Clarke County. Hannon alleges that an unidentified “phantom” vehicle crossed into his lane of travel and that in an effort to avoid a collision he left the roadway, causing the tractor trailer to overturn. The “phantom” vehicle and the tractor trailer did not collide; there were no witnesses to the accident. Hannon alleged that he was entitled to uninsured motorist benefits under the Scottsdale policy, pursuant to a provision in the policy that defined a “phantom” vehicle as “an uninsured motorist.” Scottsdale contended in its motion for summary judgment that Hannon was not entitled to uninsured motorist benefits, because of the witness corroboration requirement in the policy provision, which required an independent witness to the accident.
We note that in reviewing the disposition of a motion for summary judgment, we use the same standard the trial court used in determining whether the evidence before it presented a genuine issue of material fact and whether the movant was entitled to a judgment as a matter of law. Bussey v. John Deere Co., 531 So.2d 860, *617 862 (Ala.1988); Rule 56(c), Ala. R. Civ. P. When the movant makes a prima facie showing that no genuine issue of material fact exists, the burden shifts to the non-movant to present substantial evidence creating such an issue. Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794 (Ala.1989). Evidence is “substantial” if it is of “such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989). This court must review the record in a light most favorable to the nonmovant and must resolve all reasonable doubts against the movant. Hanners v. Balfour Guthrie, Inc., 564 So.2d 412 (Ala.1990).
This case presents a question that has yet to be decided by an appellate court of this state. The question presented for our review is whether a provision in an automobile insurance policy that requires proof before it will pay benefits under the uninsured motorist provision from competent evidence other than the testimony of the claimant is against the public policy of this state and in derogation of Alabama’s Uninsured Motorist Statute, § 32-7-23, Ala. Code 1975. The policy provision in question reads, in part:
“3. ‘Uninsured motor vehicle’ means a land motor vehicle or trailer:
[[Image here]]
“d. That is a hit-and-run vehicle and neither the driver nor owner can be identified. The vehicle must either:
“(1) Hit an ‘insured,’ a covered ‘auto’ or a vehicle an ‘insured’ is ‘occupying’; or
“(2) Cause ‘bodily injury’ to an ‘insured’ without hitting an ‘insured,’ a covered ‘auto’ or a vehicle an ‘insured’ is ‘occupying,’ provided the facts of the ‘accident’ can be corroborated by competent evidence other than the testimony of any person making a claim under this or any other similar insurance as the result of such ‘accident.’ ”
(Emphasis added.) Relying upon State Farm Fire & Casualty Co. v. Lambert, 291 Ala. 645, 285 So.2d 917 (1973), Hannon argues on appeal that the corroboration requirement of the policy’s “hit-and-run clause” is contrary to public policy. Our supreme court stated in Lambert that the purpose of the Uninsured Motorist Statute was “to protect persons who are injured through the fault of other motorists who in turn are not insured and cannot make whole the injured party.” 291 ala. at 649, 285 So.2d at 921. The court held in Lambert that the “physical contact” requirement in a hit-and-run clause of an uninsured motorist provision of an automobile insurance policy was in derogation of the Alabama Uninsured Motorist Statute was void as against the public policy of this state. Hannon contends that the same reasoning is applicable to this case. Han-non argues that the purpose of both the “physical contact” requirement and the “corroboration” requirement is to prove that an accident actually occurred. He contends that a plaintiff can offer proof of an accident under these circumstances through his own testimony and that whether an accident actually occurred was a question of fact for a jury to determine. Hannon is unable to provide this court with any direct authority in support of his contentions.
Although no appellate court of this state has decided this issue, the United States Court of Appeals for the Eleventh Circuit decided this precise issue in Moreno v. Nationwide Ins. Co., 114 F.3d 168 (11th Cir.1997).[3] In Moreno, the plaintiff alleged that an unidentified “phantom” vehi- *618 ele had run him off the road, causing his vehicle to overturn. There was no contact between the plaintiffs vehicle and the “phantom” vehicle. The plaintiff presented no independent evidence relating to the accident other than his own testimony. The plaintiff -sought uninsured motorist benefits pursuant to an automobile insurance policy with Nationwide Insurance Company. The policy had a provision that addressed hit-and-run accidents and, like the policy in this case, that provision required corroboration testimony when there had been no physical contact between the insured vehicle and the phantom vehicle. Id. The court in Moreno held that the provision in the policy requiring corroborative proof of a hit-and-run accident from competent evidence other than the testimony of the insured was not in derogation of the Alabama Uninsured Motorist Statute or the public policy of this state. Id. Noting our supreme court’s decision in Lambert, the Moreno court stated:
“Lambert states that the statute is designed to ‘protect injured persons who can prove that the accident did in fact occur.’ Lambert, however, did not address the quantum of proof necessary and thus did not answer the question before us — whether the corroboration requirement in ‘phantom driver’ cases is consonant with public policy and the statute.
[[Image here]]
“The corroboration requirement in the automobile insurance policy does not im-permissibly limit uninsured motorist coverage. An insured is still entitled to the protection of the statute if he or she can prove that a hit-and-run driver is uninsured. The corroboration requirement only provides the standard of proof necessary to recover under the uninsured motorist provision of the policy. There is .no indication from the Alabama cases that this heightened requirement is against public policy.”
114 F.3d at 171 (citations omitted; emphasis omitted). We find this authority persuasive: therefore, we conclude that the provision requiring corroborative proof of a hit-and-run accident from competent evidence other than the testimony of the insured is not in derogation of the Alabama Uninsured Motorist Statute or the public policy of this state.[4] Accordingly, we affirm the summary judgment entered by the court.
AFFIRMED.
ROBERTSON, P.J., and MONROE, CRAWLEY, and THOMPSON, JJ„ concur.

. Scottsdale Insurance Company was improperly designated in the complaint. It is referred to as "Scottsdale Indemnity Company” throughout the record.

. State Farm is not a party to this appeal.

. This question was originally certified to our supreme court by the Eleventh Circuit Court of Appeals, because it is a question of substantive state law; however, the supreme court declined to address the issue. Thus, the Eleventh Circuit Court of Appeals was placed in the unusual position of having to address an Alabama state law question of first impression. See Moreno v. Nationwide Ins. Co., 105 F.3d 1358 (11th Cir.1997).

. With our holding in this case we join other states that have held similar corroboration requirements to be valid. See Fisher v. Clarendon National Ins. Co., 437 S.E.2d 344, 210 Ga.App. 711 (1993); Girgis v. State Farm Mutual Automobile Ins. Co., 662 N.E.2d 280, 75 Ohio St.3d 302 (1996); Royse v. American Economy Ins. Co., 866 S.W.2d 873 (Mo.App.W.D.1993); Farmers Ins. Exchange v. Colton, 504 P.2d 1041, 264 Or. 210 (1972).