768 So.2d 368 (2000)
PEACHTREE CASUALTY INSURANCE COMPANY, INC.
v.
Jon SHARPTON and Melody Sharpton.
1972214.
Supreme Court of Alabama.
February 4, 2000.
Rehearing Denied April 7, 2000.
*369 Robert M. Girardeau of Huie, Fernambucq & Stewart, Birmingham, for plaintiff.
D. Coleman Yarbrough, Montgomery, for defendants.
ENGLAND, Justice.
The United States District Court for the Middle District of Alabama has certified the following question to this Court, pursuant to Rule 18, Ala. R.App. P.:
"[Is] an insured ... legally entitled to recover damages under the Alabama Uninsured Motorist Act, Ala.Code § 32-7-23 (1975), when the [plaintiff's insurer's] policy maintained coverage for defendants' automobile only, the policy expressly excluded from coverage any bodily injury to a person occupying a motor vehicle with less than four wheels, the policy was approved by the Alabama Department of Insurance, and the insured had a separate insurance policy governing her motorcycle under which uninsured/underinsured motorist coverage was offered but effectively rejected by the defendants?"

Facts
The facts are not in dispute. The defendants Jon Sharpton and Melody Sharpton were involved in an accident with an automobile that was being operated by Danny Parker, who was insured by State Farm Insurance Company. The Sharptons were riding and/or operating a motorcycle at the time of the collision. The Sharptons sustained injuries in the accident. Mrs. Sharpton suffered a traumatic amputation of her right leg as a result of the accident. The Sharptons settled with State Farm Insurance Company, Parker's insurer, for his policy limits.[1]
*370 The Sharptons owned two automobiles, which they had insured with Peachtree Casualty Insurance Company ("Peachtree"). Each car was insured by a separate policy. The policies contain identical language and provide uninsured/underinsured-motorist coverage. Under the doctrine of "stacking," the policies may provide as much as $80,000 of uninsured/underinsured-motorist ("UIM") benefits to either one, or both, of the Sharptons. The policies contained the following provision:
"We will pay for bodily injury, which the insured person is legally entitled to recover from the owner or operator of an uninsured motor vehicle. The bodily injury must be caused by an accident or result from the operation, maintenance, and use of the vehicle."
The policy also states that Peachtree does not cover bodily injury to a person "occupying a vehicle with less than four wheels."
In May 1992, Peachtree filed its standard automobile-liability-insurance-coverage-policy form with the Alabama Department of Insurance. The Department approved the policy language, including the exclusion of UIM coverage for persons occupying a vehicle with fewer than four wheels.
The Sharptons also owned the motorcycle involved in the accident, and for the motorcycle they had obtained insurance from a company other than Peachtree. UIM coverage was offered with the policy covering the motorcycle, but the Sharptons had effectively rejected that coverage.
Peachtree sued the Sharptons for a judgment declaring that they were not entitled to insurance coverage for the motorcycle accident under the two policies of automobile insurance issued by Peachtree. Peachtree contends that the motorcycle is not a "vehicle" as the term "vehicle" is defined in those policies and is not a "listed vehicle" on those policies. The Sharptons argue that the provisions of the Uninsured Motorist Statute, § 32-7-23, Ala.Code 1975, require broader coverage than Peachtree's policies provide and that the exclusion contained in Peachtree's policies is therefore void. The Sharptons counterclaimed, seeking benefits under the policies and stating a bad-faith claim.

Discussion
The question here is whether the provision in the Sharptons' automobile insurance policies that excludes coverage for persons occupying vehicles with fewer than four wheels conflicts with the Uninsured Motorist Statute, § 32-7-23, Ala.Code 1975, and is, therefore, unenforceable.

I. Motor Vehicle Safety-Responsibility Act
This Court has held that a policy exclusion that "is more restrictive than the uninsured motorist statute ... is void and unenforceable." Watts v. Preferred Risk Mutual Ins. Co., 423 So.2d 171, 175 (Ala. 1982) (citing Alabama Farm Bureau Mut. Cas. Ins. Co. v. Mitchell, 373 So.2d 1129 (Ala.Civ.App.1979)). Section 32-7-23 provides:
"(a) No automobile liability or motor vehicle liability policy insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance or use of a motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto, in limits for bodily injury or death set forth in subsection (c) of Section 32-7-6, under provisions approved by the Commissioner of Insurance for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured *371 motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom; provided, that the named insured shall have the right to reject such coverage; and provided further, that unless the named insured requests such coverage in writing, such coverage need not be provided in or supplemental to a renewal policy where the named insured had rejected the coverage in connection with the policy previously issued to him by the same insurer."
"[U]ninsured motorist coverage inures to a person, not a vehicle, and the coverage is not dependent on the insured person being injured in connection with a vehicle which is covered by the liability insurer." St. Paul Ins. Co. v. Henson, 479 So.2d 1253 (Ala.Civ.App.1985) (citing State Farm Mut. Auto. Ins. Co. v. Jackson, 462 So.2d 346, 353 (Ala.1984)).
This Court addressed the question whether a policy provision excluding uninsured-motorist coverage to an insured while the insured is driving a motor vehicle not described in the policy is void as violating the Uninsured Motorist Statute. See State Farm Auto Ins. Co. v. Reaves, 292 Ala. 218, 292 So.2d 95 (1974). In Reaves, a brother and the mother of a person who was an insured under two automobile-liability-insurance policies issued by State Farm Insurance Company sought a declaratory judgment holding that that person had coverage under the UIM provision of the automobile policies, for injuries he suffered in an accident in which the uninsured motorcycle he was riding was struck by a truck driven by an uninsured motorist. State Farm denied UIM coverage, based on a provision in the policies that excluded coverage of bodily injury to an insured that occurred "while occupying or through being struck by a land motor vehicle owned by the named insured or any resident of the same household, if such vehicle [was] not [described in the declarations]." The motorcycle was owned by the injured insured's mother; the policies had been issued to the injured person's sister. The injured person, the mother, and the sister were all residents of the same household.
This Court stated:
"[I]n the absence of any language in the statute authorizing the exclusion, no exclusion for injuries suffered while driving a vehicle `not an owned motor vehicle' (i.e., not listed in that particular policy) may be created by the policy. While there may be some argument which may be made in favor of such an exclusion, the fact remains that the statute mandates coverage and the legislature did not see fit to provide for such an exclusion."
Reaves, 292 Ala. at 224, 292 So.2d at 100. "Reaves stands for the proposition that if a person is insured under the liability coverage provision of a motor vehicle insurance policy and uninsured motorist coverage is not rejected, the uninsured motorist coverage dictated by § 32-7-23 cannot be excluded from the policy as to such an insured person." State Farm Mut. Auto. Ins. Co. v. Jackson, 462 So.2d at 350. Thus, the fact that the Sharptons were not injured while occupying the vehicles listed in the Peachtree policy does not bar a claim by them for UIM benefits under that policy.
Peachtree argues that, by definition, the Sharptons' motorcycle is not a "vehicle" included within the terms of the Peachtree policy's UIM provision. Although the policy specifically excludes UIM coverage for bodily injury to a person occupying a vehicle with fewer than four wheels, it contains no provision that specifically defines the term "vehicle." However, we must consider how the Legislature has defined the term "motor vehicle." The Legislature defined "motor vehicle" as follows, in § 32-7-2(4), Ala.Code 1975:
"Every self-propelled vehicle which is designed for use upon a highway, including trailers and semitrailers designed for use with the vehicles (except traction *372 engines, road rollers, farm tractors, tractor cranes, power shovels and well drillers) and every vehicle which is propelled by electric power obtained from overhead wires but not operated upon rails."
Section 32-7-2, defining "motor vehicle," appears in the same chapter of Title 32 as the Uninsured Motorist Statute.
Webster's Third New International Dictionary (3d ed.1993) defines "motorcycle" as "a 2-wheeled tandem automotive vehicle having 1 or 2 riding saddles." That same dictionary defines "automotive" as "containing within the means of propulsion: self-propelling." We conclude that motorcycles would be included in the § 32-7-2(4) definition of "motor vehicle."
Section 32-7-23 plainly states that "[n]o automobile liability or motor vehicle liability policy insuring against loss ... shall be delivered or issued for delivery in this State ... unless coverage is provided therein ... for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles." (Emphasis added.) One must conclude from this statute that by enacting this provision, the Legislature intended to insure "persons," not vehicles. Furthermore, as defined by 32-7-2(4), the term "motor vehicle" does not exclude motorcycles. Section 32-7-2(4) specifically excludes "traction engines, road rollers, farm tractors, tractor cranes, power shovels and well drillers." Had the Legislature intended to exclude motorcycles from the coverage under the UIM statute, it could have expressly done so, as other states have done by statute. See Mickelson v. Travelers Ins. Co., 491 N.W.2d 303 (Minn.App.1992)(holding that a two-wheeled vehicle with brake horsepower of five was a "motorcycle" within the statutory definition, so that the statutorily required uninsured-and-underinsured motorist coverages did not apply); Eurick v. Pemco Ins. Co., 45 Wash.App. 54, 723 P.2d 554 (1986) (holding that the motorcycle exception to the underinsured-motorist statute did not extend coverage as to a person killed in a motorcycle accident); Allstate Indem. Co. v. Gonzales, 902 P.2d 953 (Colo.App.1995)(holding that an automobile insurance policy's exclusion of motorcycles from its uninsured-motorist coverage did not violate public policy as set forth in the uninsured-motorist statute, which specifically mandates uninsured-motorist insurance only for four-wheeled motor vehicles).
Because the Legislature has not excluded motorcycles from the coverage mandated under the UIM statute, Peachtree cannot avoid providing UIM benefits to its insureds simply by excluding from UIM coverage persons occupying vehicles with fewer than four wheels. The fact that the Sharptons rejected UIM coverage in the policy covering the motorcycle is immaterial. Because UIM coverage insures the person, not the vehicle, an insured has the right to reject UIM coverage in one policy, when he has paid UIM premiums on another policy, as the Sharptons did, and have the UIM coverage even when he is injured while riding in or on the vehicle as to which he rejected UIM coverage.

II. The "Filed-Rate Doctrine"
Peachtree contends that the Sharptons' counterclaims are barred by the "filed-rate doctrine," in light of the fact that the Department of Insurance approved the policy language that included the exclusion. The filed-rate doctrine "is designed to insulate from challenge the filed rate deemed reasonable by [a] regulatory agency." Allen v. State Farm Fire & Cas. Co., 59 F.Supp.2d 1217, 1227 (S.D.Ala.1999)(citing Wegoland Ltd v. NYNEX Corp., 27 F.3d 17 (2d Cir.1994)). The filed-rate doctrine recognizes that when the legislature has established a scheme for rate-making, the rights of the ratepayer in regard to the rate he pays are defined by that scheme. Taffet v. Southern Co., 967 F.2d 1483 (11th Cir.1992). *373 Peachtree cites Nantahala Power & Light Co. v. Thornburg, 476 U.S. 953, 106 S.Ct. 2349, 90 L.Ed.2d 943 (1986), to support its contention that the filed-rate doctrine prohibits the Sharptons' counterclaim. However, Peachtree's reliance on this case is misplaced. This case is not a rate case; the filed-rate doctrine is inapplicable.
Moreover, the Department's approval of the policy language does not by itself suggest that Peachtree may issue a policy that violates the restrictions in § 32-7-23.
The certified question must be answered in the affirmative.
QUESTION ANSWERED.
MADDOX, COOK, LYONS, BROWN, and JOHNSTONE, JJ., concur.
HOOPER, C.J., and HOUSTON and SEE, JJ., dissent.
HOUSTON, Justice (dissenting).
The liability part (Part I) of the Sharptons' policies with Peachtree Casualty Insurance Company, Inc., contained the following exclusion:
"(9) Bodily injury ... resulting from the ownership, maintenance or use of a motorized vehicle with less than four wheels."
The uninsured-motorist part (Part III) of the Sharptons' policies with Peachtree contained the following exclusion:
"[B]odily injury to a person
". . . .
"(5) occupying a motor vehicle with less than four wheels."
The Alabama commissioner of insurance approved Peachtree's policies including these exclusions. Section 32-7-23(a), Ala. Code 1975, provides that insurance policies insuring against loss resulting from liability imposed by law for bodily injury shall also include protection of persons insured under such policies for bodily injuries caused by uninsured motorists, under provisions approved by the commissioner.
Section 32-7-23(a) did not restrict the parties' right to contract. The commissioner approved these exclusions. The Sharptons purchased policies containing these exclusions. Therefore, I do not believe that § 32-7-23(a) permits me to rewrite the insurance contracts, under the facts before us.
This Court has stated that "where an exclusion in a policy is more restrictive than the uninsured motorist statute, it is void and unenforceable." Watts v. Preferred Risk Mut. Ins. Co., 423 So.2d 171, 175 (Ala.1982); accord Higgins v. Nationwide Mut. Ins. Co., 291 Ala. 462, 466, 282 So.2d 301, 305 (1973). However, both Watts and Higgins were decided before the Legislature adopted Act No. 84-301, Ala. Acts 1984, which amended § 32-7-23. Section 6 of that Act provides:
"All laws or parts of laws which conflict with this act are hereby repealed. Nothing in this act should be construed to abrogate the exclusions, terms, conditions or other provisions of any policy of automobile liability insurance which has been approved by the Insurance Commissioner."

(Emphasis added.) Act No. 84-301 amended, among other statutes, § 32-7-23, which was originally enacted as Act No. 866, Ala. Acts 1965 (Reg.Session). That Act contained no language analogous to the language of § 6 of Act No. 84-301.
Peachtree argues that the motorcycle exclusion is valid because it was approved by the insurance commissioner. The language of § 32-7-23 provides that uninsured-motorist coverage must be provided "under provisions approved by the Commissioner of Insurance." That language authorizes the commissioner of insurance to approve conditions to, and exclusions from, uninsured-motorist coverage, provided that such conditions and exclusions are consistent with the statute. See Insurance Co. of North America v. Thomas, 337 So.2d 365, 369 (Ala.Civ.App.1976). Section 6 of Act No. 84-301 explicitly provides that that Act should not be "construed to abrogate *374 the exclusions ... of any policy of automobile liability insurance which has been approved by the Insurance Commissioner." That section indicates the Legislature's intent that provisions approved by the insurance commissioner are enforceable. I dissent.
HOOPER, C.J., and SEE, J., concur.
NOTES
[1] As statutorily defined, the term "uninsured motorist" includes "underinsured motorist." Lowe v. Nationwide Ins. Co., 521 So.2d 1309, 1309 n. 1 (Ala.1988) (citing § 32-7-23(b), Ala. Code 1975).