834 So.2d 769 (2002)
Lola M. WALKER
v.
GUIDEONE SPECIALTY MUTUAL INSURANCE COMPANY.
1000964.
Supreme Court of Alabama.
May 10, 2002.
*770 J. Farrest Taylor of Cochran, Cherry, Givens & Smith, P.C., Dothan, for appellant.
Jeffrey W. Smith, Montgomery, for appellee.
MOORE, Chief Justice.
Lola M. Walker appeals from the trial court's summary judgment for GuideOne Specialty Mutual Insurance Company. The trial court held that GuideOne was not obligated to pay Walker uninsured-motorist benefits under Walker's automobile insurance policy because the policy required a claimant to present competent evidence other than the testimony of the insured to prove the facts of an accident for which a claim was made in which there was "no physical contact with the hit-and-run vehicle." The only evidence Walker offered was her testimony as to the events causing the accident. We reverse and remand.
The facts of this case are largely undisputed. GuideOne issued an automobile insurance policy to Walker. The policy provided uninsured-motorist benefits. The policy also included the following provision:
"If there is no physical contact with the hit-and-run vehicle the facts of the accident must be proved. We [GuideOne] will only accept competent evidence other than the testimony of a person making [a] claim under this or similar coverage."
On or about November 1, 1999, Walker was involved in an automobile accident; she was severely injured and the only passenger in the automobileher husband was killed. Walker alleges that an approaching vehicle left its lane and crossed into her lane, causing Walker to swerve to miss the oncoming vehicle; her vehicle left the roadway and collided with a tree. Walker's vehicle was completely destroyed by the resulting fire. The unidentified "phantom" vehicle did not stop; it remains unidentified. Walker is the only surviving witness to the accident.
As a result of the accident, Walker filed a claim with GuideOne for uninsured-motorist benefits. Walker contends that GuideOne denied her claim. GuideOne, however, insists that it did not affirmatively deny Walker's claim but that it merely filed a complaint for a declaratory judgment concerning the matter. GuideOne filed its complaint for a declaratory judgment in Henry County on May 9, 2000, to determine the respective parties' rights under the insurance policy. On December 6, 2000, GuideOne filed a motion for a summary judgment. On January 10, 2001, the trial court found that "controlling authority in this matter is provided by Hannon v. Scottsdale Ins. Co., [736 So.2d 616] (Ala.Civ.App.1999)," and granted GuideOne's summary-judgment motion. Walker appealed. This is the first time this Court has addressed the issue presented by this appeal: Whether, under Alabama's uninsured-motorist statute, § 32-7-23, *771 Ala.Code 1975,[1] an insurance policy provision is invalid and unenforceable because, in a "miss-and-run" accident allegedly caused by an unidentified "phantom" vehicle the policy will not cover a claimant who fails to produce evidence to corroborate his or her claim. The United States Court of Appeals for the Eleventh Circuit and the Court of Civil Appeals of Alabama have each upheld such policy provisions under Alabama's uninsured-motorist statute.
In Moreno v. Nationwide Insurance Co., 105 F.3d 1358 (11th Cir.1997), the Eleventh Circuit certified a similar question to this Court, but this Court declined to answer. This placed the Eleventh Circuit "in the unusual position of having to decide a first impression question of Alabama state law." Moreno v. Nationwide Ins. Co., 114 F.3d 168, 169 (11th Cir. 1997). The insurance policy at issue in Moreno stated: "`[i]f there's no physical contact with the hit-and-run vehicle, the facts of the accident must be proved. We [Nationwide] will accept only competent evidence other than the testimony of any insured whether or not that insured is making a claim under this or any similar coverage.'" 114 F.3d at 170. The Eleventh Circuit held that the insured was not impermissibly limited in his uninsured-motorist coverage because the corroboration requirement "only provide[d] the standard of proof necessary to recover under the uninsured-motorist provision of the policy." 114 F.3d at 171. The Eleventh Circuit concluded that "a corroboration requirement in phantom driver cases is not contrary to [Alabama] public policy" and Alabama's uninsured-motorist statute. 114 F.3d at 169.
Two years later, in a decision relied upon by the trial court in this case, the Court of Civil Appeals, finding Moreno to *772 be "persuasive," concluded that a similar corroborative-evidence requirement in an automobile insurance policy was "not in derogation of the Alabama Uninsured Motorist Statute or the public policy of this state." Hannon v. Scottsdale Ins. Co., 736 So.2d 616, 618 (Ala.Civ.App.1999). The policy at issue in Hannon provided coverage for injuries suffered in a phantom-vehicle accident, "`provided the facts of the "accident" can be corroborated by competent evidence other than the testimony of any person making a claim under this or any other similar insurance as a result of such "accident."'" 736 So.2d at 617, quoting the policy provision. This Court denied certiorari review of the decision in Hannon. We now consider, however, the issue that was before the Eleventh Circuit in Moreno and before the Court of Civil Appeals in Hannon.
In this case, Walker argues that the corroborative-evidence requirement in her policy is unenforceable because, she says, it excludes her from coverage to which she is "legally entitled" under the Alabama uninsured-motorist statute, § 32-7-23, Ala.Code 1975. GuideOne argues that the corroborative-evidence requirement is not an "exclusion" of coverage but merely provides a "standard of proof" designed to prevent fraudulent claims in phantom-vehicle accidents.
Alabama's uninsured-motorist statute provides protection for "persons ... who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom." § 32-7-23, Ala.Code 1975. "[A] policy exclusion that `is more restrictive than the uninsured motorist statute... is void and unenforceable.'" Peachtree Cas. Ins. Co. v. Sharpton, 768 So.2d 368, 370 (Ala.2000) (quoting Watts v. Preferred Risk Mut. Ins. Co., 423 So.2d 171, 175 (Ala.1982)). Unknown phantom drivers, like the one Walker claims caused her accident, are included within the definition of an uninsured motorist. Criterion Ins. Co. v. Anderson, 347 So.2d 384 (Ala.1977).
A motorist "legally entitled to recover damages" under § 32-7-23 is one who presents facts sufficient to prove that the motorist was involved in an accident under circumstances that would entitle the motorist to uninsured-motorist coverage. Such a motorist is "legally entitled" to damages if the motorist meets his or her burden of presenting substantial evidence to survive a motion for a summary judgment or a judgment as a matter of law and the fact-finder is reasonably satisfied from the evidence that the motorist should recover damages. See § 12-21-12, Ala.Code 1975. In Walker's case, the only evidence of a culpable phantom vehicle is Walker's own testimony, which could constitute substantial evidence.
GuideOne's policy excludes coverage for claimants involved in phantom-vehicle accidents who cannot present "competent evidence other than the testimony of a person making [a] claim." Walker's situation provides one example. But GuideOne's exclusion of a claimant's testimony, unless corroborated, could generate other, rather ludicrous, results. For example, even the testimony of three witnesses who were passengers in a vehicle involved in a phantom-vehicle accident would not constitute "competent evidence" if, in addition to the driver, those three witnesses were "making [a] claim" under GuideOne's policy. Thus, there may be four witnesses to a phantom-vehicle accident, but the corroborative-evidence provision allows GuideOne to ignore all such evidence because it comes from "person[s] making [a] claim." If one witness's testimony can meet the applicable evidentiary burden so that the claimant is "legally entitled to damages," *773 the testimony of four witnesses is probably more likely to do the same. Thus, GuideOne's policy could be used to hide a veritable mountain of testimonial evidence that would otherwise indicate that the claimant or claimants are "legally entitled to recover damages."
The undeniable effect of Guide-One's corroborative-evidence requirement, therefore, is to exclude from coverage those who were involved in an accident as the result of a phantom vehicle, but who cannot present "competent evidence other than the testimony of a person making [a] claim." Such persons may be "legally entitled" to recover under § 32-7-23, but they are denied uninsured-motorist coverage because they do not to meet GuideOne's contractual burden of proof. GuideOne's corroborative-evidence requirement contractually raises the burden of proof for Walker and others similarly situated to a burden higher than the evidentiary burden required by law in Alabama. GuideOne's policy, therefore, excludes from coverage those who otherwise would be able to prove that they are "legally entitled to recover damages" under § 32-7-23. Because GuideOne's corroborative-evidence requirement is more restrictive than the uninsured-motorist statute, it is void and unenforceable. Peachtree, supra. To hold otherwise would permit GuideOne to alter Alabama law by contract.
GuideOne relies heavily upon this Court's statement that "in the absence of statutory provisions to the contrary, insurance companies have the same right as individuals to limit their liability or impose conditions upon coverage so long as such conditions are not inconsistent with public policy." Alabama Farm Bureau Mut. Cas. Ins. Co. v. Cain, 421 So.2d 1281, 1283 (Ala.Civ.App.1982) (emphasis added). GuideOne argues that it has the right to require corroborative evidence in phantom-vehicle cases as a condition to recovery in such cases because, without such a condition, a driver who runs off the road may fraudulently claim that the accident was caused by a phantom vehicle. Unfortunately for GuideOne, however, there is no "absence of statutory provisions to the contrary" regarding this issue. Section 32-7-23 requires coverage for those "legally entitled"; we construe that phrase to mean that GuideOne cannot establish an evidentiary hurdle of corroborative evidence to bar legally entitled drivers from a recovery under an uninsured-motorist provision in its policy.
Alabama's statutory provisions relating to uninsured-motorist coverage are silent on the matter of corroborative-evidence requirements or any contractual burden of proof whatsoever, see § 32-7-23, Ala.Code 1975, while the uninsured-motorist statutes in some other states expressly provide that proof of "no-contact" or "phantom" unidentified-vehicle accidents must be established by corroborative evidence.[2] Kansas's *774 uninsured-motorist statute, which is remarkably similar to Alabama's, expressly allows an insurer to include in its policy a provision requiring corroborative evidence in phantom-vehicle accidents. See Kan. Stat. Ann. § 40-284(e)(3) (2000).[3] While we understand GuideOne's desire to protect itself against fraudulent claims, we cannot insert into Alabama's uninsured-motorist statute an exception the Legislature has chosen not to include.
The appellate division of the New Jersey Superior Court reached a similar conclusion in Pasterchick v. Insurance Co. of North America, 150 N.J.Super. 90, 374 A.2d 1243 (1977), in reviewing a corroborative-evidence provision in light of New Jersey statutes that mandated coverage in phantom-vehicle accidents (N.J. Stat. Ann. § 17:28-1.1 and § 39:6-78). The Pasterchick court held that "[f]or the insurance companies to impose a condition requiring corroboration is for them to condition the coverage and thus to provide coverage in fewer cases and upon different terms from those prescribed by statute." 150 N.J.Super. at 93, 374 A.2d at 1245. The court held such a condition to be "an impermissible qualification of the statutory mandate." 150 N.J.Super. at 94, 374 A.2d at 1245. The New Jersey court also explained its limited role in the determination of the issue, the same role in which this Court finds itself:
"[W]e are not privileged to question the wisdom of the legislative action nor to substitute our judgment for that of the legislative authority. We understand well the reasonableness and desirability for a requirement of corroboration in this area so ripe for fraudulent claims. But correction by judicial legislation demeans the separation of powers. If the Legislature deems the situation to warrant the requirement, it can easily do so."
150 N.J.Super. at 94, 374 A.2d at 1245 (citation omitted).
We conclude that GuideOne's corroborative-evidence requirement violates the statutory mandate of § 32-7-23, Ala.Code 1975. Therefore, we decline to follow the decision of the United States Court of Appeals for the Eleventh Circuit in Moreno, supra, and we expressly overrule the decision of the Court of Civil Appeals of Alabama to the contrary in Hannon, supra.
Accordingly, the trial court's summary judgment in this case is hereby reversed, and the case is remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED.
SEE, LYONS, JOHNSTONE, HARWOOD, and WOODALL, JJ., concur.
HOUSTON, BROWN, and STUART, JJ., concur in the result.
HOUSTON, Justice (concurring in the result).
In State Farm Fire & Casualty Co. v. Lambert, 291 Ala. 645, 285 So.2d 917 (1973), this Court determined that the physical-contact requirement in the hit-and-run provision of an automobile liability insurance policy was in derogation of the Alabama Uninsured Motorist Statute (Ala. *775 Code 1975, § 32-7-23) and was void as against public policy. In so holding the Court adopted the rationale of the Supreme Court of Florida in Brown v. Progressive Mutual Insurance Co., 249 So.2d 429, 430 (Fla.1971):
"`The argument that the policy requirement of physical contact is reasonable is fallacious. The only reason for such a requirement is to prove that the accident actually did occur as a claimant may say it did. This is a question of fact to be determined by the jury, or the judge if demand for jury trial is not made. If the injured party can sustain the burden of proof that an accident did occur, he should be entitled to recover, regardless of the actuality of physical contact.'"
291 Ala. at 649-50, 285 So.2d 917, quoting Brown, 249 So.2d at 430.
When there is no physical contact with the hit-and-run or phantom vehicle, Guide-One purports to accept as competent evidence only the testimony of a person not making a claim under this policy or a similar policy.
Nothing in Alabama law makes Walker's testimony incompetent; for an insurer to attempt to do so and to thereby deprive her of a claim under her uninsured-motorist coverage is in derogation of § 32-7-23 and is void as against public policy. Lambert, supra.
NOTES
[1] Section 32-7-23, Ala.Code 1975, provides as follows:

"(a) No automobile liability or motor vehicle liability policy insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance or use of a motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto, in limits for bodily injury or death set forth in subsection (c) of Section 32-7-6, under provisions approved by the Commissioner of Insurance for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom; provided, that the named insured shall have the right to reject such coverage; and provided further, that unless the named insured requests such coverage in writing, such coverage need not be provided in or supplemental to a renewal policy where the named insured had rejected the coverage in connection with the policy previously issued to him by the same insurer.
"(b) The term `uninsured motor vehicle' shall include, but is not limited to, motor vehicles with respect to which:
"(1) Neither the owner nor the operator carries bodily injury liability insurance;
"(2) Any applicable policy liability limits for bodily injury are below the minimum required under Section 32-7-6;
"(3) The insurer becomes insolvent after the policy is issued so there is no insurance applicable to, or at the time of, the accident; and
"(4) The sum of the limits of liability under all bodily injury liability bonds and insurance policies available to an injured person after an accident is less than the damages which the injured person is legally entitled to recover.
"(c) The recovery by an injured person under the uninsured provisions of any one contract of automobile insurance shall be limited to the primary coverage plus such additional coverage as may be provided for additional vehicles, but not to exceed two additional coverages within such contract."
(Emphasis added.)
[2] See, e.g., Ariz.Rev.Stat. § 20-259.01.M (2001) (if there is no physical contact with the unidentified vehicle, "the insured shall provide corroboration that the unidentified motor vehicle caused the accident"); Neb.Rev. Stat. § 44-6405(4) (1998) ("without actual physical contact" between the unidentified vehicle and the insured, the evidence of the accident must be corroborated "by competent evidence provided by an independent and disinterested person"); Ohio Rev.Code Ann. § 3937.18(D)(2) (2001) (if the identity of the motorist cannot be determined, independent corroborative evidence must exist); Or.Rev. Stat. § 742.504(2)(g)(B) (2001) (if the phantom vehicle has "no physical contact with the insured," the evidence of the accident must be corroborated); Tenn.Code Ann. § 56-7-1201(e) (1999) (if there is no physical contact with the unknown motorist's vehicle, "the existence of such unknown motorist [must be] established by clear and convincing evidence, other than any evidence provided by occupants in the insured vehicle").
[3] Kansas's uninsured-motorist statute allows an insurer to include in a policy the corroborative-evidence contract provision: "Any insurer may provide for the exclusion or limitation of coverage ... when there is no evidence of physical contact with the uninsured motor vehicle and when there is no reliable competent evidence to prove the facts of the accident from a disinterested witness not making [a] claim under the policy." Kan. Stat. Ann. § 40-284(e)(3) (2000).