In State Farm Fire Casualty Co. v. Lambert, 291 Ala. 645,285 So.2d 917 (1973), this Court determined that the physical-contact requirement in the hit-and-run provision of an automobile liability insurance policy was in derogation of the Alabama Uninsured Motorist Statute (Ala. *Page 775 
Code 1975, § 32-7-23) and was void as against public policy. In so holding the Court adopted the rationale of the Supreme Court of Florida in Brown v. Progressive Mutual Insurance Co., 249 So.2d 429, 430 (Fla. 1971):
 "`The argument that the policy requirement of physical contact is reasonable is fallacious. The only reason for such a requirement is to prove that the accident actually did occur as a claimant may say it did. This is a question of fact to be determined by the jury, or the judge if demand for jury trial is not made. If the injured party can sustain the burden of proof that an accident did occur, he should be entitled to recover, regardless of the actuality of physical contact.'"
291 Ala. at 649-50, quoting Brown, 249 So.2d at 430.
When there is no physical contact with the hit-and-run or phantom vehicle, GuideOne purports to accept as competent evidence only the testimony of a person not making a claim under this policy or a similar policy.
Nothing in Alabama law makes Walker's testimony incompetent; for an insurer to attempt to do so and to thereby deprive her of a claim under her uninsured-motorist coverage is in derogation of § 32-7-23 and is void as against public policy. Lambert, supra.