EDWARD N. SCRUGGS, Retired Circuit Judge.
A judgment was entered against the appellant upon the uninsured motorist coverage of an automobile liability policy issued to the plaintiff by the defendant.
The policy contained the following provisions:
18. Notice of Legal Action.
If, before the Company makes payment of loss hereunder, the Insured or his legal representative shall institute any legal action for bodily injury against any person or organization legally responsible for the use of an automobile involved in the accident, a copy of the summons and complaint or other process served in connection with such legal action shall be forwarded immediately to the Company by the Insured or his legal representative.
The plaintiff was involved in an automobile accident on November 11, 1976 with an uninsured motorist, S. I. Austin, whom the plaintiff sued for damages for personal injuries. A copy of the summons and complaint against Austin was not forwarded to his insurance carrier by the plaintiff. Eventually, on July 12,1978, a judgment by default was rendered in favor of the plaintiff and against Austin in the amount of $75,000. The plaintiff did not notify his insurer as to any claim under the policy arising out of the accident or of said case or of the judgment against Austin until October 3, 1978.
In January 1979 the plaintiff sued the defendant upon the uninsured motorist provisions of the policy. The circuit court originally granted the insurance company’s motion for a summary judgment on the ground of the plaintiff’s failure to forward to them a copy of the Austin case summons and complaint, but that judgment was set aside by agreement and the court subsequently overruled such motion. The case was tried by the judge without a jury. Over the defendant’s objection, the plaintiff introduced his judgment against Austin. The uncontroverted evidence proved a lack of compliance with the foregoing quoted proviso of the policy.
A judgment was rendered against the defendant in the amount of $10,000 and the defendant insurance company appeals.
In Almeida v. State Farm Mutual Insurance Co., 53 Ala.App. 175, 298 So.2d 260 (1974), the facts were strikingly similar to the instant case in that Mr. Almeida was injured in an accident with an uninsured motorist and two and one-half years later recovered a default judgment against the uninsured. Almeida had not sent a copy of the suit against the uninsured motorist to his insurer nor did he otherwise notify his insurance carrier of said suit until after the judgment was rendered against the uninsured. Notice of such legal action was required by a paragraph in his uninsured motorist coverage which was identical in all respects to the above quoted policy proviso of this plaintiff’s policy. In the Almeida case this court held .that such policy provision was valid, that compliance with such notice requirement was essential, and that the trial court properly rendered a summary judgment in favor of State Farm because of Mr. Almeida’s non-compliance with such policy requirement.
There are no distinguishing material differences between the Almeida case and the present case. We, therefore, hold that the trial judge should have granted the defendant’s motion for a summary judgment; but, having failed to do so, he should have sustained the defendant’s objection to the introduction of the judgment against Austin. The trial judge should not have rendered judgment in favor of the plaintiff because *1003 of the plaintiff’s failure to comply with the “Notice of Legal Action” provisions of his insurance policy. We reverse and remand.
The foregoing opinion was prepared by retired circuit judge EDWARD N. SCRUGGS, while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code of Alabama 1975. His opinion is hereby adopted as that of the court.
REVERSED AND REMANDED.
All the Judges concur.