WRIGHT, Presiding Judge.
Plaintiff appeals from an order of the Circuit Court of Calhoun County granting the defendant’s motion for directed verdict on plaintiff’s insurance claim. We reverse.
The record before us reveals the following: On November 2,1978, as plaintiff was leaving work at the Anniston Army Depot, his car was struck from the rear by a vehicle driven by an uninsured motorist. In this accident plaintiff allegedly suffered damage to his car and injury to his neck and shoulder. At the time of the occurrence plaintiff had a policy of auto insurance with Alabama Farm Bureau Mutual Insurance Company (Farm Bureau).
After contacting his Farm Bureau agent, which contacts we will discuss later, and receiving no compensation for the loss sustained, plaintiff filed suit against Farm Bureau on October 25, 1979. Plaintiff sought $299.71 in connection with damages to his automobile and $10,000 damages for personal injury pursuant to uninsured motorist coverage. The case proceeded to trial before a jury on May 6,1980. At the close of the plaintiff’s case, Farm Bureau moved for a directed verdict on plaintiff’s uninsured motorist claim, stating as grounds failure to report his injury as required by the policy. The court entered judgment for the plaintiff in the stipulated amount of $199.50 on the collision claim and granted Farm Bu *1016 reau’s motion as to the uninsured motorist claim “due to unreasonable notice to the defendant of said occurrence and claim.”
It is axiomatic in ruling on a motion for directed verdict that the trial court, if there is a scintilla of evidence supporting the party against whom such a motion is made, must deny the motion. Moreover, when a directed verdict is requested, all evidence before the court must be viewed in a light most favorable to the non-moving party. O'Donohue v. Citizens Bank, 350 So.2d 1049 (Ala.Civ.App.1977); 18 A Ala. Dig., Trial, Key Nos. 139.1(8) and 178. In light of this rule, we think the primary issue on appeal to be whether the evidence produced by plaintiff at trial furnished a scintilla in support of his claim for uninsured motorist coverage.
The trial court granted defendant’s motion “due to unreasonable notice to the Defendant of said occurrence and claim.” The policy contained the following provision regarding uninsured motorist coverage:
17. Proof of Claim: Medial Reports
As soon as practicable, the insured or other person making claim shall give to the company written proof of claim ... including full particulars of the nature and extent of the injuries, treatment, and other details.... (Emphasis ours.)
The term “as soon as practicable” has been generally construed to mean that notice or proof of claim must be given “within a reasonable time” in view of the facts and circumstances of the particular case. State Farm Fire and Casualty Co. v. Hartford Accident and Indemnity Co., 347 So.2d 389 (Ala.1977). In the present case plaintiff did not strictly comply with the provision requiring written proof of claim until September 24, 1979, some ten and one-half months after the accident. In Alabama the length of delay in giving notice of an occurrence to an insurer is only partially determinative of reasonableness, the other factor to consider being the reason for such delay. Aetna Insurance Co. v. Spring Lake, Inc., 350 So.2d 397 (Ala.1977). There can be little argument that a delay of ten and one-half months is unreasonable, absent extenuating circumstances. Southern Guaranty Insurance Co. v. Thomas, 334 So.2d 879 (Ala.1976).
Plaintiff introduced letters from his attorney to the agent of defendant written in June 1979, informing her of the fact and date of an accident and resulting injury to plaintiff requesting copy of the policy then in force and the amount of uninsured motorist coverage in the policy. It was stipulated that the letters were received in the agent’s office and responded to by her secretary or some person in the office. The letters were returned by the agent or her employee with appropriate hand-written notations on them with the requested specimen copy of plaintiff’s policy.
Plaintiff also testified that he visited the agent’s office within a month or six weeks after the accident and told her personally that he had been in an accident with an uninsured motorist and that she would have to take care of it. The agent said, “You have been having trouble,” and returned to her work without further inquiry. Plaintiff further said that oral notice given to the agent in the same manner had resulted in contact from and payment of claims by defendant’s adjuster in two instances of loss previous to the instant one and on one claim subsequent, the latter being damage by an uninsured motorist.
We do not hold that the letters in June were either sufficient or reasonable notice as a matter of law. Neither do we hold the oral statement by plaintiff to the agent within a month or six weeks to be sufficient notice. We do consider that the letters, which indicated loss of the policy and lack of knowledge of its contents, including notice provisions, together with the evidence of prior acceptance of oral notice, standing without contradiction or explanation, provided a scintilla which made the directed verdict erroneous. Where there is evidence of extenuating circumstances and reason for delay upon which reasonable men might differ, the question of reasonable notice becomes an issue for the jury. State Farm Fire and Casualty Co. v. Hart *1017 ford Accident and Indemnity Co., supra; American Liberty Insurance Co. v. Soules, 288 Ala. 163, 258 So.2d 872 (1972).
Plaintiff further contends that the policy notice provisions were waived by the defendant through its course of conduct in accepting and paying other claims of plaintiff.
Generally, a provision of an insurance policy requiring the filing of a written claim or notice may be waived by any act or pattern of conduct by the insurer or its authorized agents which reasonably tends to create a belief in the mind of the claimant under the policy that notice or proofs of loss will be unnecessary. American Insurance Co. v. Millican, 228 Ala. 357, 153 So. 454 (1934); Couch on Insurance 2d, § 49.767 (1965). The question of whether or not the acts of the insurer or its agent invoked a waiver is one for the jury. Phoenix Insurance Co. v. Ross Jewelers, Inc., 362 F.2d 985 (5th Cir. 1966). Equitable Life Assurance Society v. Watts, 230 Ala. 297, 160 So. 713 (1935).
The evidence produced by plaintiff at trial as to prior dealings with Farm Bureau’s general agent was supportive of a waiver. It furnished the scintilla necessary for submission of the issue to the jury. At the time of the directed verdict in this case, there was not even a conflict to the plaintiff’s evidence tending to show waiver. It was error to direct the verdict. Pearl Deal v. Jackson, 362 So.2d 214 (Ala.1978).
Plaintiff complains of reversible error in the refusal of the trial court to permit him to reopen after resting for the purpose of questioning the agent of defendant with whom plaintiff had previously dealt upon claims and to whom plaintiff’s counsel had written concerning the accident. We pre-termit discussion of that and any other issue presented here. They are unlikely to reoccur in the same posture upon retrial.
For error stated, the judgment below is reversed and the case is remanded for another trial.
REVERSED AND REMANDED.
BRADLEY and HOLMES, JJ., concur.