421 So.2d 1281 (1982)
ALABAMA FARM BUREAU MUTUAL CASUALTY INSURANCE COMPANY, et al.
v.
Martha Faye CAIN, et al.
Civ. 3391.
Court of Civil Appeals of Alabama.
September 22, 1982.
Rehearing Denied November 3, 1982.
*1282 L. Merrill Shirley, Elba, for appellants.
Francis H. Hare, Jr., Birmingham, and Jackson W. Stokes, Elba, for appellees.
WRIGHT, Presiding Judge.
This is an uninsured motorist insurance case.
Martha Faye Cain was severely injured in an automobile accident on January 24, 1974. At the time of the accident, Ms. Cain had in full force and effect a policy of automobile insurance with Alabama Farm Bureau Mutual Casualty Insurance Company (Farm Bureau). Ms. Cain's father, acting on her behalf, reported the accident to Farm Bureau and received payments pursuant to the collision and medical coverage provisions of the policy. On July 7, 1978, Ms. Cain filed suit against Farm Bureau, claiming damages under the uninsured motorist provisions of the policy. An additional count sought punitive damages against Farm Bureau and its agents for fraudulently and deceitfully failing to inform Ms. Cain that she had a legitimate uninsured motorist claim arising out of the January 24, 1974, accident. On March 25, 1981, the court granted summary judgment in favor of Farm Bureau and the individually named agents on the fraud count. The case was tried to a jury on the count for breach of contract. Farm Bureau's motions for directed verdict at the close of Ms. Cain's case and at the close of all the evidence were denied. The jury returned a verdict for Ms. Cain in the amount of $10,000.00, plus interest of $4,619.17. From the denial of its motion for judgment notwithstanding the verdict or alternatively for new trial, Farm Bureau appeals to this court.
The record reveals the following:
Ms. Cain testified that in the early evening of January 24,1974, she and a companion were driving along the Brantley highway when she saw two cars approaching from the opposite direction. It was misting rain at the time. The first approaching car had its lights on dim. The second car failed to dim its headlights. When Ms. Cain's vehicle drew almost even with the two cars, their lights blinded her. She lost control of her car and ran off the road. She was severely injured. She suffered a broken neck and after extensive medical care remains a paraplegic.
The passenger in Ms. Cain's car gave a similar account of the accident.
Ms. Cain's father testified that he reported the accident to agents of Farm Bureau some four days after it occurred. He did not inform the agents that there were involved hit and run vehicles. He had never, on behalf of his daughter, filed a statement under oath setting forth a belief that Ms. Cain was injured by an unidentified motorist.
Dr. Jackson Bostwick treated Ms. Cain the day after the accident when she was transferred to Montgomery. In eliciting a history from Ms. Cain he obtained no information regarding the involvement of other cars. Ms. Cain told Dr. Bostwick that her car skidded and she lost control of it.
James Spurlin was the investigating officer in Elba at the scene of the accident. He testified that when he interviewed Ms. Cain she told him she had run off the road. She gave no information regarding contributing circumstances involving other vehicles.
*1283 Farm Bureau introduced into evidence the insurance policy. The policy contains the following pertinent provisions pursuant to uninsured motorist coverage:
"Definitions  Insuring Agreement III
"(d) Hit-and-Run Automobile.
"The term `hit-and-run automobile' means an automobile which causes bodily injury to an insured ... provided: (1) there cannot be ascertained the identity of either the operator or the owner of such `hit-and-run automobile'; (2) the Insured or someone on his behalf shall have reported the accident within 24 hours to a police, peace or judicial officer or to the Commissioner of Public Safety, and shall have filed with the Company within 30 days thereafter a statement under oath that the Insured or his legal representative has a cause or causes of action arising out of such accident for damages against a person or persons whose identity is unascertainable, and setting forth the facts in support thereof; and (3) at the Company's request, the Insured or his legal representative makes available for inspection the automobile which the Insured was occupying at the time of the accident.
. . . .
"Conditions  Insuring Agreement III
"24. Action Against Company
"No action shall lie against the Company unless, as a condition precedent thereto, the Insured or his legal representative has fully complied with all the terms of this coverage."
The dispositive issue on appeal is whether, in the absence of proof that Ms. Cain complied with these provisions of the policy, the trial court erred in denying Farm Bureau's motions for directed verdict and JNOV. We hold that it did and reverse.
The clear and unambiguous language defining "hit-and-run" provides that compliance with the definitional requirements is a condition precedent to coverage for "hit-and-run" accidents. In the absence of statutory provisions to the contrary, insurance companies have the same right as individuals to limit their liability or impose conditions upon coverage so long as such conditions are not inconsistent with public policy. Alabama Farm Bureau Mutual Casualty Insurance Company v. Goodman, 279 Ala. 538, 188 So.2d 268 (1966). Conditions precedent to an action on a policy requiring notice of an accident have been continually held valid and enforceable by the courts of this state. Almeida v. State Farm Mutual Insurance Company, 53 Ala.App. 175, 298 So.2d 260 (1974). In Alabama Farm Bureau Insurance Company v. Cook, 388 So.2d 1001 (Ala.Civ.App.1980) we held that failure of an insured to comply with the "Notice of Legal Action" provisions of a policy released the insurance company from liability on the uninsured motorist provisions. In Alabama Farm Bureau Mutual Casualty Insurance Co. v. Teague, 269 Ala. 53, 110 So.2d 290 (1959), our supreme court held that if the policy of the insurance provides that notice of a loss must be in writing, the requirement is binding upon the insured, and notice must be in writing in the absence of waiver or estoppel.
We can find no precedent in this state on the enforceability of the precise conditions in the "hit-and-run" provisions of the policy before us. There is, however, considerable authority as to necessity of compliance with identical conditions in other states. A. Widiss, A Guide to Uninsured Motorist Coverage, §§ 4.7, 4.8 (Supp.1980). We are unable, however, to distinguish any difference in the application of the "hit-and-run" conditions and those conditions previously held enforceable by the courts of this state. The notice given the agent by the father, though sufficient to comply with the condition precedent to coverage under the collision and medical payments provisions of the policy, does not satisfy the requirement of the "hit-and-run" section.
The policy required as a condition to coverage that Ms. Cain or her legal representative report the accident to the police or other official within twenty-four hours. The record shows that Ms. Cain did talk to the investigating officer. There is no evidence, however, that she or anyone else *1284 informed the officer of any contributing circumstances including the possible involvement of other vehicles.
The policy also required that Ms. Cain or her legal representative file within thirty days a statement under oath that she had a cause of action against an unidentified person and setting forth the facts in support thereof. Again, there is no evidence of compliance with this provision. Furthermore, the record is void of proof that Ms. Cain or anyone on her behalf informed Farm Bureau by any method, or at any time prior to the instigation of suit some four and one-half years later, that Ms. Cain's accident may have resulted from the negligence of an unknown driver. Ms. Cain put forward no proof to support a theory of waiver or estoppel on the part of Farm Bureau as to the conditions precedent in the policy. See Freeman v. Alabama Farm Bureau Mutual Casualty Insurance Company, 395 So.2d 1014 (Ala.Civ.App.1980), cert. denied, 395 So.2d 1017 (Ala.1981).
Proof of compliance with the conditions precedent to coverage under the uninsured motorist provisions was necessary to recovery on the policy. In the record before us, proof of non-compliance is uncontroverted. There being no evidence to support a necessary element of Ms. Cain's claim, the trial court erred in submitting the case to the jury. This case is due to be reversed and remanded for the trial court to enter judgment in favor of Farm Bureau.
REVERSED AND REMANDED.
BRADLEY, J., concurs.
HOLMES, J., concurs in the result and specially.
HOLMES, Judge (concurring in the result and specially).
I concur with the result reached by this court. But I concur specially in order to point out that the principles of waiver and estoppel may well, in the proper factual situation, constitute an exception to the general rule that strict compliance with the notice requirement is a condition precedent to recovery.
In an uninsured motorist case, this court recently wrote:
"Generally, a provision of an insurance policy requiring the filing of a written claim or notice may be waived by any act or pattern of conduct by the insurer or its authorized agents which reasonably tends to create a belief in the mind of the claimant under the policy that notice or proofs of loss will be unnecessary...."
Freeman v. Alabama Farm Bureau Mutual Casualty Insurance Company, Inc., 395 So.2d 1014, 1017 (Ala.Civ.App.1980), cert. denied, 395 So.2d 1017 (Ala.1981).
In similar cases, other courts have also found strict compliance was waived by the insurer when the insurer had information indicating a hit and run accident was involved. A. Widiss, A Guide to Uninsured Motorist Coverage, § 4.8 (Supp.1980). For example, an Illinois Court held the insurance company waived its right to insist on strict compliance when it failed to notify the claimant of the technical requirement of the notice provision after the insurer received a comprehensive report of the accident. McMahon v. Coronet Insurance Company, 6 Ill.App.3d 704, 286 N.E.2d 631 (1972). A Tennessee court reached a similar result when the insurance company received notice of a hit and run accident but failed to object at that time to the report's failure to technically comply with the notice provision. Hamil v. Nationwide Mutual Insurance Company, 499 S.W.2d 892 (Tenn. App.1972).
It appears notice may well be a two-way street  that once the insurer receives notice of an uninsured motorist claim he may have a responsibility to notify the claimant of the technical requirements of notice. Cf. Freeman v. Alabama Farm Bureau Mutual Casualty Insurance Company, supra. See also Western Assurance Company of Toronto v. McGlathery, 115 Ala. 213, 22 So. 104 (1897) (Holding insurer's defense that the claimant failed to comply by taking a required examination was waived when claimant had no notice he was required to take examination.).
*1285 In the instant case, after a careful reading of the record, I find no evidence that the insurance company had any information indicating the accident involved a hit and run situation until apparently when the lawsuit was filed, i.e., over four years after the accident. Claimant did not inform the insurer of the existence of other vehicles, nor did the official police report give any hint of any involvement by other vehicles. Therefore, in the instant case there was no notice in any form given the insurance company which might have triggered the principles of waiver and estoppel. Therefore, I concur in the result.