THOMPSON, Presiding Judge.
On July 28, 2014, Jimmy L. Johnson, Jr., filed in the Lowndes Circuit Court (“the trial court”) a complaint against First Acceptance Insurance Company, Inc. (“First Acceptance”),[1] seeking a judgment declaring that he was entitled to underirisured-motorist (“UIM”) coverage under an insurance contract between Johnson and First Acceptance. In his complaint, Johnson also sought damages on claims of breach of contract and bad-faith failure to pay. First Acceptance answered and denied liability. We note that both parties moved, separately, to dismiss the bad-faith claim, and on September 2, 2014, the trial court entered an order dismissing that claim.
Johnson moved for a partial summary judgment on his claim seeking declaratory relief. First Acceptance opposed that summary-judgment motion, and it filed a motion for a summary judgment on Johnson’s claims. On March 17, 2016, the trial court entered a judgment in which it denied Johnson’s summary-judgment motion, denied a motion to strike filed by Johnson, and entered a summary judgment in favor of First Acceptance, In response to a motion by Johnson, the trial court, on April 15, 2016, entered an order purporting to certify the March 17, 2016, judgment as final pursuant to Rule 54(b), Ala. R. Civ. P. We note, however, that the March 17, 2016, judgment, because it ruled on all of Johnson’s claims, was a final judgment. Johnson’s April 26, 2016, notice of appeal was timely with respect to both the March 17, 2016, judgment and the April 15, 2016, order purporting to certify the judgment as final. Our supreme court transferred the appeal to this court pursuant to § 12-2-7(6), Ala. Code 1975.
The materials' submitted to the trial court indicate the following pertinent facts. On October 18, 2013, Johnson was involved in a motor-vehicle accident caused by an underinsured driver. Johnson had a policy of automobile, insurance with First Acceptance, and he sought to recover UIM benefits under that policy. First Acceptance denied Johnson’s claim, asserting that Johnson had declined UIM coverage.
In Alabama, UIM coverage, which is at issue in this case, is a subset of. uninsured-motorist coverage, ahd it is governed by § 32-7-23, Ala. Code 1975. State Farm Mut. Auto. Ins. Co. v. Motley, 909 So.2d 806, 810-811 (Ala. 2005). “‘[U]nin-sured/underinsured motorist benefits ... are mandated by § 32-7-23, Code of Alabama (1975). The purpose of the statute is to provide “ ‘ “coverage ... for the protection of persons insured thereunder who are legally entitled to recover damages from the owners or operators of uninsured motor vehicles.’’””” State Farm Mut. Auto. Ins. Co. v. Motley, 909 So.2d at 811 (quoting Auto-Owners Ins. Co. v. Hudson, 547 So.2d 467, 468 (Ala. 1989), quoting in turn Alabama Farm Bureau Mut. Cas. Ins. Co. v. Clem, 49 Ala.App. 457, 461, 273 So.2d 218, 221 (Ala. Civ. App. 1973), quoting in turn Safeco Ins. Co. of America v. Jones, 286 Ala. 606, 609, 243 So.2d 736, 737-38 (1970)).
Section 32-7-23(a) governs uninsured-motorist coverage;-and has been interpreted as requiring an applicant reject UIM coverage in writing. See Continental Cas. Co. v. Pinkston, 941 So.2d 926, 929 (Ala. 2006) (interpreting § 32-7-23(a) as “requiring] that every automobile-liability- *80 insurance policy issued or delivered in Alabama provide uninsured/underinsured-mo-torist coverage with limits for bodily injury or death of at least $20,000 per person, unless the coverage is specifically rejected in writing by the named insured”). “The Uninsured Motorist Statute, Code 1975, § 32-7-23, absent rejection by the named insured, mandates uninsured motorist coverage for the protection of persons insured under a motor vehicle liability policy.” Holloway v. Nationwide Mut. Ins. Co., 376 So.2d 690, 694 (Ala. 1979). Any “rejection of uninsured motorist coverage will be effective only if signed in writing by the named insured.” Progressive Cas. Ins. Co. v. Blythe, 350 So.2d 1062, 1065 (Ala. Civ. App. 1977). See also State Farm Mut. Auto. Ins. Co. v. Martin, 292 Ala. 103, 106, 289 So.2d 606, 609 (1974) (explaining that an insurer must offer to provide uninsured-motorists’ coverage but that an insured may reject that coverage in writing).
In this case, the parties do not dispute that Johnson did not physically sign a paper insurance application or contract, or a form pertaining to UIM coverage, by using a pen. Rather, First Acceptance contends that Johnson signed the application for insurance electronically and that his signature declining UIM coverage is his electronic signature.
Alabama’s Uniform Electronic Transactions Act (“the UETA”), § 8-1A-1 et seq., Ala. Code 1975, governs matters such as electronic signatures on contracts. Among other things, the UETA provides that, in certain contexts, “[i]f a law requires a record to be in writing, an electronic record satisfies the law,” and that, “[i]f a law requires a signature, an electronic signature satisfies the law.” § 8-lA-7(c) and (d), Ala. Code 1975. Before the trial court, First Acceptance argued that an insured’s electronic signature could operate to allow an insured to reject UIM coverage. The trial court, in granting the summary judgment in favor of First Acceptance, appears to have agreed with First Acceptance’s argument.
Johnson argues on appeal that the trial court erred in entering a summary judgment in favor of First Acceptance. In his brief on appeal, Johnson points out that the appellate courts of this state have not addressed whether an electronic signature under the UETA may operate as an effective “written” rejection of UIM coverage. He asserts, in one sentence of his appellate brief, that “substantive state laws requiring actual signatures, or a waiver of UIM coverage, must be in a writing signed by the insured,” and that caselaw requiring a rejection of UIM coverage to be in writing is in conflict with the UETA. However, other than that concluso-ry sentence, Johnson does not argue that the trial court erred in determining that an electronic signature was effective in rejecting UIM coverage. In his brief before this court, Johnson does not identify any portion of the UETA that he contends is in conflict with § 32-7-23 or Alabama case-law interpreting § 32-7-23(a) as requiring the rejection of UIM coverage to be in writing; he does not develop any argument that a requirement of a signature cannot be satisfied by an electronic signature under § 8-1A-7. It is not the function of this court to create and develop an argument on behalf of a party or to perform that party’s legal research to support such an argument. McLemore v. Fleming, 604 So.2d 353 (Ala. 1992); Spradlin v. Spradlin, 601 So.2d 76, 79 (Ala. 1992). We decline to address an issue of first impression in the absence of a properly developed argument from an interested appellant.[2] *81 Accordingly, for the purposes of resolving this appeal, we do not address the trial court’s determination that an electronic signature may suffice to waive UIM coverage, and, instead, we address the properly supported arguments set forth in Johnson’s brief on appeal.
In support of its position that Johnson had, by virtue of his electronic signature, waived UIM coverage, First Acceptance submitted a copy of the insurance application that contains Johnson’s name in a different type font than that of the rest of the application. First Acceptance argued that that different font indicated- that Johnson had selected a font and had electronically signed the part of the insurance application indicating that he wanted to decline UIM coverage.
First Acceptance also submitted the July 27, 2015, affidavit of Tracy D. McCoy, its assistant vice president of underwriting. McCoy testified that on December 21, 2012, Johnson went to a First Acceptance office and, “with the assistance of the local agent,” completed an electronic application for insurance. McCoy’s affidavit explains the manner in which First Acceptance agents are to assist applicants who are applying for insurance by computer. In relevant part, McCoy stated that the agent provides the applicant with a computer mouse so that the applicant can use the computer to select a font for his or her electronic signature and to sign his or her name to certain parts of the insurance application, including the form pertaining to UIM coverage.
In addition, First Acceptance submitted the July 29, 2015, affidavit of India Thomas, in which Thomas stated that she was an agent for First Acceptance and that, on December 21, 2012, Johnson completed an application for insurance with her assistance. Thomas testified in her affidavit regarding the manner in which applicants are given access to the computer to electronically sign to accept or reject certain terms of the insurance application. Thomas stated that she had never electronically signed an insurance application on behalf of an applicant. Thomas also testified in her July 29, 2015, affidavit that, based on her “personal knowledge and review of the applicable policy application documents,” Johnson had rejected UIM coverage when applying for insurance with First Acceptance.-
In response to First Acceptance’s submission in support of its summary-judgment motion, Johnson argued that Thomas’s affidavit was based on hearsay, was not based on her personal knowledge, and contradicted certain portions of her deposition testimony, discussed infra. Johnson sought to strike the affidavit for that reason, among others.
Johnson submitted Thomas’s September 25, 2015, deposition in support of his response to First Acceptance’s summary-judgment motion. In her deposition, Thomas described the procedure by which she assisted applicants for insurance and the training she had received. Thomas testified that she did not recall assisting Johnson with his December 21, 2012, application for insurance, that she would not recognize Johnson if she saw him, and that someone with the legal department for First Acceptance informed her that she was the agent who- had assisted Johnson. Thomas testified that, although her affidavit stated that *82 she had reviewed the documentation in Thomas’s file in concluding that she had assisted him,-she had not, in fact, reviewed those documents before she executed the July 29, 2015, affidavit. Thomas reviewed those documents during her deposition and was questioned about them during that deposition. During her deposition, First Acceptance’s attorney asked Thomas if “everything” in her affidavit was true, and Thomas answered that it was.
In his deposition, Johnson testified that he did not recall who had assisted him in applying for the insurance policy on December 21, 2012, but that, it had been a woman. He stated that, in applying for insurance coverage with First Acceptance* he had asked for “full coverage” and that he did not intend to reject UIM coverage. Johnson testified that nobody reviewed with him the form on which he purportedly rejected the UIM coverage. Johnson testified that the person who assisted him in applying for the insurance coverage had worked on a computer, but he denied that he had made any notation using a computer indicating that he wanted to reject UIM coverage.
Johnson argues on appeal that the trial court erred in denying his motion'to strike portions of Thomas’s affidavit sub-’ mitted in support of First Acceptance’s summary-judgment motion. Rule 56, Ala. R. Civ. P., which governs summary judgments, provides, in pertinent part:
“Supporting ■ and opposing affidavits shall be made on personal knowledge, .shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith, ...”
Rule 56(e).
Thomas testified in her affidavit that she had reviewed the documents pertaining to Johnson’s insurance application before she executed the affidavit purportedly based upon her own knowledge. However, Thomas’s deposition testimony was that she had not actually reviewed those documents before she executed the affidavit; during that deposition, she later stated that she was unsure whether she had reviewed the documents before she executed her affidavit.[3] Regardless, during her deposition, Thomas affirmed, that “everything” in the affidavit was truthful. We assume,, given the totality of.her deposition testimony, that by agreeing that “everything” was truthful Thomas was referring to the substance of that affidavit; her testimony had already established that she had not reviewed the insurance-application documents. Thus, it appears that Thomas was affirming, based on, her review of the documents during her deposition, that the testimony she provided in the affidavit was *83 accurate. Accordingly, any error the trial court arguably made in denying the motion to strike was harmless because Thomas reaffirmed the substance of her affidavit in her deposition testimony. See Rule 45, Ala. R. App. P.
The evidence First Acceptance submitted in support of its summary-judgment motion indicated that it had in place a procedure by which applicants for insurance coverage could electronically sign the insurance applications. First Acceptance, through the testimony of Thomas, also presented evidence tending to indicate that Thomas had properly assisted Johnson in applying for insurance coverage and that, by virtue of Thomas’s testimony that she always properly followed the procedure for assisting applicants in applying electronically for insurance coverage, Thomas had not electronically signed that part of the insurance application that waived UIM coverage.
However, Johnson testified that nobody at First Acceptance reviewed with him that part of the application pertaining to UIM coverage, that he had not selected a font for signing electronically, and that he had not noted on a computer any indication that he wanted to decline UIM coverage.[4] Johnson’s testimony that he did not electronically sign that part of the insurance application that waived UIM coverage creates a factual dispute about the material issue in this action, i.e., whether Johnson signed that part of the application that waived UIM coverage. Accordingly, we conclude that the trial court erred in entering a summary judgment in favor of First Acceptance. We therefore reverse the judgment and remand the cause for further proceedings. • :
REVERSED AND REMANDED.
Pittman, Thomas, Moore, and Donaldson, JJ., concur.

. In his original complaint, Johnson misidentified the defendant, but he later amended his complaint to set forth First Acceptance’s correct name.

. To the extent that Johnson does develop his purported argument on this issue, he cites *81 authority from another jurisdiction that supports a conclusion that an electronic signature may validly waive UIM coverage. He cites that authority, -however, as part of his contention that there must be evidence that the electronic signature is valid; that argument is a part 'of his remaining arguments on appeal that are addressed in the remainder of this opinion.

. In its brief, First Acceptance argues that, although she denied that she recalled .reviewing those documents before executing her affidavit, Thomas testified that she must have done so. In asserting that argument, First Acceptance cites Thomas's testimony in which she stated, in response to a question whether she had reviewed that part of the insurance application that contained Johnson's purported electronic signature waiving UIM coverage: ; ...
“I had to have looked at it.. I'm—I’m— I’m just being honest, I'm not sure if—I’m not sure, you know, if I actually saw the documents, I don’t know, because it’s been a while, but—”
Thomas’s testimony that she "had to have” looked at that one part of the insurance application, however, is clearly speculation and is not based on her personal knowledge. Sooudi v. Century Plaza Co., 622 So.2d 1275, 1278 (Ala. 1993)("Affidavits must contain statements based upon the personal knowledge of the affiant, and mere speculation and state-' ments of subjective beliefs are not the equivalent of personal knowledge.”).

. We note that, as part of its argument, First Acceptance contends that Johnson's claim that he did not electronically sign that part of the application declining UIM coverage is inconsistent with Johnson’s position that he had insurance coverage with First Acceptance. First Acceptance contends that Johnson would be required to sign, either manually or electronically, the insurance application in order for it to issue an insurance policy. We note that it is undisputed that Johnson did not manually sign a paper application, and Johnson’s statements that he did not use the computer to electronically sign anything tends to indicate that he also disputes having electronically signed the insurance application. Therefore, First Acceptance argues that because Johnson disputes signing the'insurance application, there could be no valid insurance contract between First Acceptance and Johnson. First Acceptance relies upon a statement in a footnote in Bonck v. White, 115 So.3d 651 (La. Ct. App. 2013). In that case, the insurance applicant disputed that she had electronically signed a form on an insurance application that waived UIM coverage. As part of her argument, the applicant argued that her name had been misspelled on that form and, therefore, that someone else must have completed it. The Louisiana court rejected that argument, noting that the applicant's name was also misspelled oñ the insurance application itself, which the applicant had completed herself online, and concluding that ”[i]f we were to embrace her argument,. Ms. Bonck would have no insurance at all.” Bonck v. White, 115 So.3d at 652 n. 2, We do not necessarily agree with that dicta from the Louisiana court. Regardless, in this case, it does not appear from the briefs, and there is no indication in the record, that First Acceptance is attempting to avoid liability under the insurance contract because Johnson disputes having electronically signed the UIM form in the insurance application. Further, First Acceptance has not addressed any effect of its acceptance of insurance premiums from Johnson on its argument that there might be no valid contract between First Acceptance and Johnson.