PER CURIAM.
JoAnn Dailey ("the claimant") seeks rehearing of this court's affirmance of a summary judgment entered by the St. Clair Circuit Court on her claims against her uninsured-motorist ("UM") insurance carrier, State Farm Mutual Automobile Insurance Company ("the insurer"), in which she had asserted that, while operating an automobile, she had been injured in an incident in which an unknown and unidentified person operating a second automobile had operated the second automobile so as to force the claimant's automobile off a public road and to strike a stationary object. The insurer's summary-judgment motion was supported by the claimant's responses to the insurer's request for admissions; an incident report prepared by a representative of the St. Clair County Sheriff's Department on September 18, 2009, referencing September 8, 2009, as the date of the incident made the basis of the claimant's action; and a copy of an insurance policy certified by the insurer's custodian of records. The insurer asserted in its motion that the claimant had not satisfied the provision in the policy that required reporting of accidents to police within 24 hours thereof and that, under this court's holding in Alabama Farm Bureau Mutual Casualty Insurance Co. v. Cain, 421 So.2d 1281 (Ala. Civ. App. 1982), she was not entitled to UM benefits as a matter of law. The claimant moved to strike the incident report and the certified copy of the policy and contended that Cain was not consistent with Walker v. GuideOne Specialty Mutual Insurance Co., 834 So.2d 769 (Ala. 2002). The circuit court, after a hearing, entered a summary judgment adopting the insurer's position and referring to portions of the exhibits adduced by the insurer (i.e., implicitly denying the motion to strike). On June 22, 2018, this court issued a no-opinion order affirming that judgment.
The claimant has filed an application for a rehearing, asserting, among other things, that this court erred in affirming the circuit court's implicit denial of her motion to strike, which challenged the insurer's filing of the incident report and the certified copy of the insurance policy. However, to the extent that the claimant has argued that the incident report supplied by the insurer was not "certified or otherwise authenticated," we note that the claimant admitted the pertinent facts contained in that report: that the incident made the basis of her claim had occurred on September 8, 2009, between 2:00 and 2:30 p.m., at the intersection of St. Clair County Roads 26 and 22; that the claimant's automobile did not come into contact with another vehicle, nor any sign, tree, fence, or other stationary object on the side of the road; that police, ambulance services, or paramedic services were not called to the scene of the incident; and that the claimant made an incident report to Officer Joey Brown of the St. Clair County Sheriff's Office on September 18, 2009. Thus, any error on the part of the circuit court in failing to strike the incident report on the grounds stated by the claimant was necessarily harmless and did not prejudice *276 the claimant. See Rule 45, Ala. R. App. P., and Johnson v. First Acceptance Ins. Co., 227 So.3d 77, 82-83 (Ala. Civ. App. 2017) (any error in failing to strike statements in affidavit as hearsay and outside affiant's personal knowledge was harmless when other evidence submitted in connection with summary-judgment motion revealed that affiant had affirmed accuracy of those statements during deposition testimony).
As to the insurance policy, Karen Hodge, an underwriter employed by the insurer, submitted a notarized statement labeled "Certified Policy Record" that stated, in pertinent part:
"I, the undersigned, do hereby confirm that I am custodian of the records pertaining to issuance of policies by [the insurer].
"I certify that the attached documents represent a true and accurate record of the terms and conditions of Policy Number 31 7553-E01-01E including any endorsements, if applicable, for the policy term(s) May 12, 2009 [sic-- the attached declarations page states that the effective date is May 1, 2009] to November 1, 2009 and insuring [the claimant and her husband] based on available records.
"This policy was in effect on the loss date of September 08, 2009."
Although the claimant contends that the foregoing statements do not satisfy the requirements of Rule 56(e), Ala. R. Civ. P., requiring that affidavits submitted in connection with a summary-judgment motion "be made on personal knowledge, ... set forth such facts as would be admissible in evidence, and ... show affirmatively that the affiant is competent to testify to the matters stated therein," we rejected a similar argument in Coleman v. BAC Servicing, 104 So.3d 195 (Ala. Civ. App. 2012). In Coleman, which involved a mortgagor's attack on the propriety of a mortgagee bank's foreclosure of the pertinent mortgage, we concluded that the provisions of Rule 56(c) had been satisfied by an affiant's statements that, in her occupational position, she had had " 'direct access to the books and records of [the bank] regarding the account which form[ed] the basis of th[e] action,' " had " 'personal knowledge of the facts set forth in [her affidavit],' " had " 'reviewed [the] relevant business books and records,' " which had been " 'made in the ordinary course of the [bank's] business' " and which related " 'to [the mortgagor's loan] ... at the time of the transaction, occurrence or event referred to therein or ... within a reasonable time thereafter,' " and that those books and records had been " 'kept under [her] care, supervision, and/or control.' " 104 So.3d at 201. Further, this court held in Coleman that "a document is deemed to be 'sworn' if it is authenticated by the affiant and attached as an exhibit to the affidavit," 104 So.3d at 202, and the affidavit of the insurer's custodian of records in this case satisfied that standard.
To the extent that the claimant has asserted that the policy and certification are hearsay or are not authenticated, we note that Rule 803(6), Ala. R. Evid., provides that "record[s] ... of ... events ... made ... by ... a person with knowledge, if kept in the course of a regularly conducted business activity [pursuant to] the regular practice of that business activity," are not excluded by the hearsay rule if testified to by the custodian, whereas authentication may occur under Rule 901(a), Ala. R. Evid., if evidence is adduced "sufficient to support a finding that the matter in question is what its proponent claims." The custodian in this case testified that she was "custodian of the records pertaining to issuance of policies," indicating regular conduct of business on the part of the insurer to issue insurance policies, and *277 that the insurer issued the attached policy of insurance to the claimant and her husband applicable to occurrences between May 12, 2009, and November 1, 2009. Further, the exhibit to the certification contains a number of documents containing typical insurance-policy provisions and bearing the insurer's distinctive trademarks and expressly states that "[t]his policy is issued by State Farm Mutual Automobile Insurance Company." We thus agree that Royal Insurance Co. of America v. Crowne Investments, Inc., 903 So.2d 802 (Ala. 2004), is authority for the proposition that the certified policy had "distinctive characteristics" that "constitute[d] a prima facie showing that the policy offered ... is likely authentic," which is "all that is required under Rule 901(a), Ala. R. Evid." 903 So.2d at 809.
The claimant further challenges this court's affirmance of the summary judgment based upon our decision in Cain. Although the insurer's policy and declarations provide for UM bodily-injury coverage, described in the policy as "UNINSURED MOTOR VEHICLE COVERAGE," in the amount of $25,000 per person and $50,000 per accident, the insurer's policy further provides, under Paragraph 6 of a section entitled "INSURED'S DUTIES," that
"[a] person making claim under:
"....
"B. Uninsured Motor Vehicle Coverage must report an accident, involving a motor vehicle whose owner and driver remain unknown, to the police within 24 hours and to us within 30 days."
In Cain, this court considered the propriety of a judgment on a jury's verdict awarding damages on a claim for unpaid UM insurance benefits arising from an incident in which the plaintiff insured driver had claimed that the automobile that she had been operating had been forced off a public road by the strength of headlights engaged by two motor vehicles approaching the plaintiff's automobile, causing injuries to the plaintiff. 421 So.2d at 1282. Although the investigating police officer took a statement from the plaintiff at the scene of the occurrence, the plaintiff told the officer that she had "run off the road" without mentioning the involvement of any other motor vehicle. Id. The insurance policy issued by the defendant contained a provision defining " 'Hit-and-Run Automobile' " as a motor vehicle that caused bodily injury to an insured " 'provided: (1) there cannot be ascertained the identity of either the operator or the owner of [the vehicle, and] (2) the Insured or someone on his behalf shall have reported the accident within 24 hours to a police, peace or judicial officer or to the Commissioner of Public Safety.' " 421 So.2d at 1283. We held that the judgment was due to be reversed based on the following reasoning that is pertinent to the present case:
"The clear and unambiguous language defining 'hit-and-run' provides that compliance with the definitional requirements is a condition precedent to coverage for 'hit-and-run' accidents. In the absence of statutory provisions to the contrary, insurance companies have the same right as individuals to limit their liability or impose conditions upon coverage so long as such conditions are not inconsistent with public policy. Alabama Farm Bureau Mutual Casualty Insurance Company v. Goodman, 279 Ala. 538, 188 So.2d 268 (1966). Conditions precedent to an action on a policy requiring notice of an accident have been continually held valid and enforceable by the courts of this state. Almeida v. State Farm Mutual Insurance Company, 53 Ala. App. 175, 298 So.2d 260 ( [Civ. App.] 1974). In *278 Alabama Farm Bureau Insurance Company v. Cook, 388 So.2d 1001 (Ala. Civ. App. 1980) [,] we held that failure of an insured to comply with the 'Notice of Legal Action' provisions of a policy released the insurance company from liability on the uninsured motorist provisions. In Alabama Farm Bureau Mutual Casualty Insurance Co. v. Teague, 269 Ala. 53, 110 So.2d 290 (1959), our supreme court held that if the policy of ... insurance provides that notice of a loss must be in writing, the requirement is binding upon the insured, and notice must be in writing in the absence of waiver or estoppel.
"We can find no precedent in this state on the enforceability of the precise conditions in the 'hit-and-run' provisions of the policy before us. There is, however, considerable authority as to necessity of compliance with identical conditions in other states. A. Widiss, A Guide to Uninsured Motorist Coverage, §§ 4.7, 4.8 (Supp. 1980). We are unable, however, to distinguish any difference in the application of the 'hit-and-run' conditions and those conditions previously held enforceable by the courts of this state....
"The policy required as a condition to coverage that [the insured driver] or her legal representative report the accident to the police or other official within twenty-four hours. The record shows that [the insured driver] did talk to the investigating officer. There is no evidence, however, that she or anyone else informed the officer of any contributing circumstances including the possible involvement of other vehicles.
"... [The insured driver] put forward no proof to support a theory of waiver or estoppel on the part of [the defendant] as to the conditions precedent in the policy. See Freeman v. Alabama Farm Bureau Mutual Casualty Insurance Company, 395 So.2d 1014 (Ala. Civ. App. 1980), cert. denied, 395 So.2d 1017 (Ala. 1981).
"Proof of compliance with the conditions precedent to coverage under the uninsured motorist provisions was necessary to recovery on the policy. In the record before us, proof of non-compliance is uncontroverted. There being no evidence to support a necessary element of [the insured driver]'s claim, the trial court erred in submitting the case to the jury. This case is due to be reversed and remanded for the trial court to enter judgment in favor of [the defendant]."
421 So.2d at 1283-84.
Similarly, in this case, the insurer included a provision in its policy requiring, as a condition of recovery of UM insurance benefits, that a "report [of] an accident[ ] involving a motor vehicle whose owner and driver remain unknown" be made "to the police within 24 hours," which parallels the "hit-and-run" reporting provisions upheld as a valid defense to the defendant's liability in Cain. By statute, as the circuit court's judgment observed, drivers of automobiles involved in "an accident resulting in injury to ... any person shall immediately by the quickest means of communication give notice of such accident to ... the office of the county sheriff or to the state highway patrol" if the accident occurs outside municipal limits, Ala. Code 1975, § 32-10-5(a), and violations of that duty are punishable as felonies under Ala. Code 1975, § 32-10-6. Thus, far from being "inconsistent with public policy," Cain, 421 So.2d at 1283, the policy requirement upon which the insurer relied as a defense to liability as to the claimant's UM insurance claim is wholly congruent with the legislatively declared public policy favoring immediate reporting to state or local policing authorities of accidents involving bodily injury.
The claimant has no response to Cain apart from asserting that policy exclusions *279 more restrictive than permitted by law are void. She draws an analogy to the holding of our supreme court in Walker, in which a coverage condition requiring " 'competent evidence other than the testimony of a person making [a] claim under [UM] or similar coverage' " as to accidents in which " 'there is no physical contact with the hit-and-run vehicle,' " 834 So.2d at 770, was held void as contrary to law because, in that court's view, the provision "raise[d] the burden of proof for [the plaintiff in Walker ] and others similarly situated to a burden higher than the evidentiary burden required by law in Alabama" and amounted to an attempt "to alter Alabama law by contract." 834 So.2d at 773.
Unlike the situation in Cain-- a case that our supreme court distinguished (but, notably, did not overrule) in Walker-- a close reading of Walker reveals that the policy provision at issue in that case was not struck down simply because it did not parrot the UM statute but, instead, because the provision imposed an extra-statutory hurdle, in the form of a heightened corroborative-evidence requirement, that contravened the insured's right to coverage upon a showing by substantial evidence to a fact-finder of legal entitlement to recover damages against an uninsured motorist. As Justice Houston correctly noted in his special writing in Walker, "[n]othing in Alabama law [made the insured's] testimony incompetent; for an insurer to attempt to do so and to thereby deprive [the insured] of a claim under her uninsured-motorist coverage is in derogation of § 32-7-23[, Ala. Code 1975,] and is void as against public policy." 834 So.2d at 775 (Houston, J., concurring in the result). Recent federal authority applying Alabama law has treated Cain as good law on the specific issue of the validity of a contractual duty to report an accident within 24 hours to police in order to recover UM benefits as to an occurrence involving a claimed phantom vehicle. Raymond v. GEICO Cas. Co., No. 2:16-cv-01292-MHH, 2018 WL 1900551 (N.D. Ala. April 20, 2018) (not published in F. Supp. 3d).
In this case, the incident made the basis of the claimant's action against the insurer occurred on September 8, 2009, but no report to the local sheriff was made of that incident until September 18, 2009, in contravention of both the 24-hour reporting requirement of the pertinent insurance policy and the statutory requirement that an accident involving bodily injury be reported "immediately by the quickest means of communication." § 32-10-5(a). The insurer demonstrated that, as a matter of law, it was entitled to prevail on the claimant's action against it seeking UM benefits.
The claimant's application for a rehearing is, therefore, due to be overruled. In light of our decision, the insurer's motion to dismiss that application on the basis that the claimant's brief in support of the application is identical to that filed on original submission is denied as moot.
MOTION TO DISMISS APPLICATION FOR REHEARING DENIED; APPLICATION OVERRULED.
Thompson, P.J., and Moore and Donaldson, JJ., concur.
Pittman, J., concurs specially, which Thomas, J., joins.
PITTMAN, Judge, concurring specially.
I concur in the opinion to overrule the application for a rehearing, but I write separately to address counsel's assertions in that application, most notably his insistence that this court's June 22, 2018, no-opinion order of affirmance is "a mere conclusion, devoid of illumination or instruction" and that "the parties in the *280 present matter are due more, and should be given more, than a mere conclusion."
Rule 53(a), Ala. R. App. P., among other things, authorizes this court to affirm a summary judgment without an opinion when "an opinion in the case would serve no significant precedential purpose" and "[the] judgment is supported by the record." Rule 53(a)(1) and (a)(2)(E). Although Rule 53 does not require an appellate court to set forth its basis for so ruling (apart from subsection (b), which mandates only that Rule 53(a)(1) and the applicable subsection of Rule 53(a)(2) be specified), this court, as has been appropriate and as a courtesy to litigants and the judiciary, has routinely included a short statement of additional authorities upon which this court has relied in affirming the pertinent judgment. That practice was followed in this court's order of affirmance in this case, and clearly indicated to the parties and counsel the court's view that Alabama Farm Bureau Mutual Casualty Insurance Co. v. Cain, 421 So.2d 1281 (Ala. Civ. App. 1982), and not Walker v. GuideOne Specialty Mutual Insurance Co., 834 So.2d 769 (Ala. 2002), was controlling. Counsel's insistence that the parties in this case were "due more" than an order of affirmance thus ignores both the text of Rule 53 and the additional authorities provided by this court.
Rule 53 has been in effect for more than a quarter of a century, striking a balance between the parallel duties of appellate judges under the Alabama Canons of Judicial Ethics to be faithful to the law and to dispose promptly of the business of the court. See Canon 3A, Alabama Canons of Jud. Ethics; see also Order of the Supreme Court Adopting Appellate Court Time Standards dated April 10, 1995 (espousing 290-day period for intermediate appellate courts to resolve majority of cases).[1] Unlike the United States Supreme Court, which grants plenary review in approximately 80 cases out of the approximately 7,000 to 8,000 cases brought before the Court each year,[2] this court is not afforded discretion to decline to decide the great majority of cases brought before it; further, and contrary to the earnest beliefs of counsel, not every case presented to this court is res integra warranting a published opinion. Rule 53 recognizes both of those truths, and although I agree with the reasoning set forth in the opinion to overrule the application, I believe that Rule 53 was properly applied in this case upon its original submission.
Thomas, J., concurs.

The court's June 22, 2018, order of affirmance in this case was issued within the 290-day time standard adopted by our supreme court.

On the date this court's opinion on rehearing was issued, this information could be found at https://www.supremecourt.gov/about/justicecaseload.aspx. A copy of this information can be found in this court's file on this appeal.